## CASE & CO. v. LUSE.

28   527
112  191

Contract: GUARANTY: LETTER OF CREDIT. Defendant wrote to plaintiffs the following letter respecting a person who was desirous of purchasing a certain machine which plaintiffs were selling, and to whom it was averred they did sell one on the strength of this letter:

" OXFORD, *August* 17, 1868.

' Messrs. D. & S., Gents. : I have the pleasure of recommending to you my friend, Mr. J. B., as a person in whom confidence can be placed. I am due him $400, but it is inconvenient for me to raise the money just now. Should you give him time on the machine till the 1st day of December, it will confer a favor on me, and you may rest assured that the money will be forthcoming at the proper time." *Held*, that the letter did not amount to an undertaking or promise, on the part of defendant, that would render him liable.

*Appeal from General Term, Eighth District (Johnson County).*

MONDAY, APRIL 25.

THE petition states, substantially, these facts : Plaintiffs were engaged in making and selling threshing machines, and for the latter purpose had an agency in Iowa city, Dunlap being their agent and Shipley his clerk. Prior to August 17, 1868, one Barker applied to Dunlap to purchase one of these machines on time, but the agent, not being satisfied with his pecuniary responsibility, required the undertaking of some third party, that if Barker did not pay, such third person would bind himself so to do. About the 17th of August, aforesaid, said defendant, for the purpose of procuring this machine for Barker, or to bind himself for the payment thereof in case the purchaser did not pay, wrote the following letter:

Case & Co. v. Luse.

" Oxford, *August* 19, 1869.

"Messrs. Dunlap & Shipley:

" Gents,— I have the pleasure of recommending to you my friend, Mr. James Barker, as a person in whom confidence can be placed. I am due him $400, but it is inconvenient for me to raise the money just now. Should you give him time on the machine, till the 1st of December, it will confer a favor on me, and you may rest assured that the money will be forthcoming at the proper time.

" Yours respectfully,

" S. LUSE."

This letter was delivered to plaintiff's agent, who, on the 21st of the same month, on the representation and undertaking aforesaid, sold a machine to Barker for $695, $115 due November 1, and $580 due December 1, 1868, for which he executed his notes.

Barker failed to pay any part of the price of the machine. Defendant, at the time he wrote this letter, knew that Barker was worth but little beyond said $400 named in the letter. This amount he paid to Barker, and assisted him in getting out of the State, so that plaintiff's agent might not know it, and after this pretended he was not liable to plaintiff. As far as plaintiff knows, Barker is insolvent.

To this petition there was a demurrer, which was sustained in the Circuit Court and General Term, and plaintiffs appeal.

*Fairall, Boal & Jackson* for the appellant.

*Edmonds & Ransom* for the appellee.

Wright, J. — The only question in this case is, whether, upon the strength of this letter, and by its terms, defendant is liable in this action. For it will be borne in mind

that there is no charge of fraud. Nor is it stated tha[t] defendant knew that Barker had been refused credit, n[or] that any additional undertaking was demanded. So, t[oo,] the averment, that by this instrument defendant "bo[und] himself for the payment," etc., and other similar s[tate]ments, can avail nothing, except as they find support[in] the language of the letter itself. For this we must nece[s]sarily regard as the measure of defendant's liability.

In our opinion, the letter does not contain any provision or undertaking which will make the defendant liable. The assurance of Barker's honesty did not amount to a promise to pay. There was no promise to pay, nor any fraud. Defendant promised, or rather stated, that the money due from him to Barker would be forthcoming, but to whom he did not state. It would certainly be a forced construction to say that it was to plaintiffs. Then, too, there is no averment of notice that plaintiff had ever accepted the guaranty. *Lee* v. *Dick*, 10 Pet. 482, and the many cases collected in 2 Par. on Cont. 13, note *d*.

Affirmed.