Miller, J.
1. promissory modatioii °" maker. I. Winters and Root were accommodation makera. There is no controversy on this point. That they were such however, is no defense to the notes ^ hands of a bona fide holder for value, before maturity, without notice of any fraud in obtaining the signatures of such makers. Trustees of Iowa College v. Hill, 12 Iowa, 462; Washington Bank v. Krum, 15 id. 53; Jones v. Berryhill, 25 id. 289, and cases cited.
That they were accommodation makers is no defense, even where the holder takes the paper with knowledge of that fact, if it is taken in good faith, and for value, in the usual course of business. This is an exception to the rule that “ where a party takes commercial paper, knowing that it is open to the defense of want of consideration against the original payee, the makers may interpose such defense as effectually as though the paper had not been transferred.”
In the hands of the party accommodated the defense of want of consideration is good. But in the hands of a third party, who purchases in good faith for value, the defense does not obtain. The accommodation maker intends to lend his credit to a party who pays nothing, and the holder takes the paper and pays value for it upon the faith of the credit thus loaned. Jones v. Berryhill, supra; 1 Parsons on Notes and Bills, 183, 184.
*167 2_negotiation by maker. *166 II. The evidence in this case shows, conclusively, that the insurance company took the notes in payment of a *167 precedent indebtedness of Colby Brothers, before maturity, and without any knowledge whatever of any fraud in obtaining the signatures of the plaintiffs. Thereforej unless the fact that the notes were negotiated to the company by "William A. Colby, one of the makers, instead of by B. E. Colby, the payee, changes the relation, the appellee is a bona fide holder for value, and the alleged fraud cannot defeat a recovery by the company. Trustees of Iowa College v. Hill, supra.
Where a promissory note is indorsed in blank, it may be passed by mere delivery, the same as if made payable to bearer, and the indorsee, or other holder, has full authority to demand payment thereon, or to make it payable to himself or to his order, or to any other person. Story on Promissory Notes, § 138; 2 Parsons on Notes and Bills, 19; Edwards on Bills and Notes, 269. Any bona fide holder of such note may pass the same by mere delivery.
The notes in question were made by William A. Colby and the plaintiffs, as principals, payable to the order of B. E. Colby, indorsed by him in blank, and delivered to William A. Colby. The plaintiffs as accommodation makers, and B. E. Colby the accommodation indorser, all understood that the notes were made and indorsed for the accommodation of William A. Colby. The plaintiffs signed the notes, and B. E. Colby indorsed them at the request of William A. Colby, and for the purpose of enabling him to raise money by their negotiation. When the notes were thus made, indorsed and delivered by the indorser to William A. Colby, he was authorized to negotiate them— to transfer them by delivery. This was in the usual course of business. It is a common practice for a party for whose benefit accommodation paper is made, to execute his note to his accommodation indorser, to obtain his indorsement in blank, and then negotiate the paper himself. 1 Parsons on Notes and Bills, 220,221. Such is the history of this case. William A. Colby had authority to negotiate the notes. *168 The appellee took them in good faith, before maturity, without notice of the alleged fraud, paying value therefor, and, therefore, the fraud alleged is no defense to the notes in their hands.
The judgment of the district court is
Affirmed.