## FARWELL & CO. v. SULLY.

1. **Contract:** GUARANTY: WAIVER OF ACCEPTANCE. Notice of acceptance of guaranty is waived by a subsequent letter recognizing liability upon the guaranty and promising to make it good.

2. ———: WAIVER OF NOTICE. So also, a previous stipulation that the guarantor shall be notified at a given date of the amount due, is so far waived that he will be equally bound by a notification subsequently given.

*Appeal from Scott District Court.*

TUESDAY, JUNE 9.

ON the 23d day of March, 1871, the defendant wrote plaintiffs a letter, as follows:

"GENTLEMEN: Mr. H. J. Playter, of Butler Center, Iowa, is desirous of opening a small account with you. There is little money in the country, and collections almost impossible, and matters will remain so till after harvest. This involves the necessity of credit, more or less, until that time, upon at least part of his purchase. If you will open a credit with him, allowing him to pay you from time to time as he can get in his collections, I will guarantee that all he may owe you on the first day of January next will be paid on that day. If his account is not paid up in full at that date, I will pay on demand what balance he may owe you then, if you then notify me by letter or otherwise to do so." * * *

On the 25th day of March, 1871, J. H. Playter presented this letter to plaintiffs in Chicago, and they thereupon sold him on credit goods to the amount of $1,049, on which Playter afterward, to-wit: April 8, 1872, paid $345.60; leaving due $703.40.

On the 21st of June, 1871, plaintiffs wrote defendant as follows: "DEAR SIR: We hold your guarantee for the inclosed account against J. H. Playter, Butler Center, Iowa. We are told he is bankrupt, and send you this statement, thinking you might take some action to secure yourself."

On the reverse side of which letter defendant wrote as

follows: "DEAR SIR: It was a most unexpected thing to me and also to him, caused by the failure of a party to whom he had sold one of his stores, and whose notes he had indorsed. Prove up your claim in bankruptcy and draw dividends. I will make my guarantee good."

No further communication was made until January 28th, 1872, when plaintiffs wrote defendant as follows: "Enclosed please find statement of our claim against H. J. Playter, which you agreed to pay January 1st, 1872. Please send us draft and oblige."

Plaintiffs claim of defendant $703.40, balance of the account.

The defendant seeks to avoid responsibility upon the grounds that plaintiffs did not, at the time of selling the goods, notify him of the acceptance of the guaranty, and that they did not, on the first day of January, 1872, notify him of the amount then due. Trial by the court. Judgment for plaintiffs for $703.40, and interest. Defendant appeals.

*Bills & Block*, for appellant.

*Martin & Murphy*, for appellee.

DAY, J.—I. The court below rightly held that whatever force there might be in the ground of defense that plaintiffs did not notify defendant, at or before the time of selling the goods, that they accepted said guaranty, it is entirely obviated by his reply to their letter of June 21st, 1871. In this letter he recognizes the guarantee as an existing obligation, and promises to make it good.

1. CONTRACT: guaranty: waiver of: acceptance.

II. We deem it unnecessary to consider, whether under the terms of guaranty, defendant was entitled to notice on the 1st day of January, 1872, of the amount at that time due from Playter, and to a demand of the payment of the same, in order to fix his liability thereon.

2. ——: waiver of notice.

We agree with the court below that whatever necessity for such notice and demand existed at the time the guaranty was made, it was waived by the subsequent conduct of defendant.

On the 21st of June, 1871, plaintiffs wrote defendant as follows: " We hold your guarantee for the enclosed account

against H. J. Playter. * * * We are told he is bankrupt, and send you this statement, thinking you might take some action to secure yourself."

Defendant replied: * * * * "Prove up your claim in bankruptcy and draw dividends. I will make my guarantee good." The evidence shows that the claim was proved up in bankruptcy, and the papers were sent to defendant. Defendant claims the true construction of the response to the letter of June 21st, 1871, to be: "Prove up your claim in bankruptcy and draw dividends. I will pay what Playter may owe on the 1st day of January, 1872, if you on that day notify me of the amount due." This is not, it seems to us, the reasonable and natural construction of the language employed. It is not the construction which would be likely to be placed upon it by the persons to whom it was addressed, in view of all the circumstances surrounding the transaction. And the act must be construed in the light which all the surrounding circumstances reflect; not for the purpose of wresting the words employed from their reasonable and natural import, but for the purpose of determining, in view of all the circumstances, what that natural and reasonable import is. The defendant, then is advised, on the 21st of June, 1871, that goods, upon which there was a balance due of $703.40, had been sold to Playter, and that plaintiffs held defendant's guarantee for the amount, and that the account was sent in order that he might take action to secure himself, Playter being a bankrupt. Thus advised of the extent of credit, and of a condition of things which would make any further payments before the first of January improbable if not impossible, he says: "Prove up your claim in bankruptcy and draw dividends. I will make my guarantee good."

The reasonable construction of this language is, that it recognizes an existing, fixed liability upon his guarantee, because of what had already transpired, and promises to discharge that liability.

Any other construction would be purely technical, and would furnish proper ground for the application of the quaint maxim, *qui hæret in litera, hæret in cortice.*

AFFIRMED.