THE FIRST NATIONAL BANK OF DUBUQUE v. CARPENTER, STIBBS & Co.

1. **Practice**: PRESUMPTION OF WAIVER. Where the record shows that a motion was made to strike certain portions of the testimony given on trial, but fails to disclose any ruling of the court thereon, the motion will be presumed to have been waived.

2. **Guaranty**: ASSIGNMENT. The rule of the common law that a guaranty is not negotiable does not prevail in this state. The assignee of a contract of guaranty may maintain an action thereon in his own name.

3. ———: NOTICE: WHEN CONTINUOUS. If the course of dealing between the parties was sufficient to justify a finding that the guarantor had notice of acceptance, it may be inferred that notice accompanied each transaction. The guaranty being continuous the notice would be continuous also.

4. ———: POWER OF PARTNER TO BIND FIRM. Each partner is the general agent of the firm and has authority to bind it by a contract of guaranty, if such contract is within its scope of business, and no understanding between the partners can affect the right of the guarantee to recover. MILLER, CH. J., *dissenting*.

*Appeal from Linn District Court.*

TUESDAY, OCTOBER 26.

THIS is an action upon ·a written guaranty of defendants, to recover the amount of certain drafts drawn by Gibbs & Coates on H. S. Stibbs and negotiated to plaintiff. Upon a jury trial there was a verdict and judgment for the plaintiff. Defendants appeal.

*Hubbard & Deacon* and *I. M. Preston & Son,* for appellants.

Letters of credit and commercial guarantees are not negotiable when addressed to a particular person; the rule is otherwise when the address is general. (2 Pars. on Notes & Bills, 134; *Brickhead v. Brown,* 5 Hill, 634; *Grant v. Naylor,* 4 Cranch, 234; *Penoyer v. Watson,* 16 Johns., 99; *Bleeker v. Hyde,* 3 McLean, 279.) A surety can only be charged when the case is

brought within the precise terms of his contract. (*Brickhead v. Brown*, 5 Hill, 634.) When the guaranty is prospective and continuing for future advances, the party accepting the guaranty and advancing money upon the strength of it is bound to give notice of his acceptance within a reasonable time. (2 Pars. on Notes & Bills, 140; *Lee v. Dick*, 10 Pet., 482; *Taylor v. Wetmore*, 10 Ohio, 490.)

*H. B. Fouke* and *W. G. Thompson*, for appellee.

Contracts of guaranty are to be construed in the light of attending circumstances and the substance of the transaction is to be sought for in their construction. (*Lee v. Dick*, 10 How., 482; *Mauran v. Bullis*, 16 Pet., 532; *Coleman v. Lamb.*, 15 Wend., 331; *Wilson v. Troup*, 2 Cowen, 228; *Lawrence v. McCulmont*, 2 How., 426.) The sending of the guaranty by defendants was itself notice to plaintiffs that the terms proposed were satisfactory, and the offer of guaranty accepted. (2 Pars. on Con., p. 5 (5th ed.); *Cook v. Orne*, 37 Ill., 186; *Douglas v. Reynolds*, 7 Pet., 119; *Whitney v. Groot*, 24 Wend., 83; *Douglas v. Howland*, Id., 52; *F. & M. Bank v. Kercheval*, 2 Mich., 205.) Notice of acceptance can be inferred from facts and circumstances. (*Keith, Peck & Co. v. Dunniel*, 38 Vt., 286; *Terry v. Adams*, 22 Id., 180; *Reynolds v. Douglas*, 12 Pet., 497.) The law does not require notice of each draft drawn under a continuing guaranty. (*Winsor v. Hobbs*, 12 Gray, 447; *Page v. Parker*, 8 Id., 211; *Douglas v. Reynolds, supra.*)

MILLER, CH. J.—The plaintiff is a national banking corporation doing business in the city of Dubuque. The defendants were partners in a private exchange and deposit bank at Cedar Rapids. Gibbs & Coates were in the produce and commission business in Dubuque, and H. S. Stibbs (not a member of the defendants' firm) was engaged in a like business in Cedar Rapids, and was in the habit of making purchases of eggs and butter from Gibbs & Coates and paying therefor upon their sight drafts, but being desirous of obtain-

ing further time of payment, proposed to accept their drafts for future purchases at fifteen or twenty days. Gibbs & Coates answered by letter to H. S. Stibbs, that if the latter could make arrangements with his bankers at Cedar Rapids to guarantee the drafts, such time would be given. He wrote back that the defendants would so guarantee. The plaintiff, however, declined to cash the drafts unless the guaranty was in writing, and at its request Gibbs & Coates so wrote H. S. Stibbs, whereupon he obtained and sent by letter to Gibbs & Coates the following guaranty:

"EXCHANGE AND DEPOSIT BANK OF
CARPENTER, STIBBS & CO.,
CEDAR RAPIDS, IOWA, August 9, 1869.

Messrs. GIBBS & COATES, Dubuque,

GENTS:—H. S. Stibbs is good for his contracts, and we guarantee his acceptances in your favor.

Yours truly,

CARPENTER, STIBBS & CO."

Gibbs & Coates delivered this guaranty to the plaintiff, who thereupon regularly cashed drafts drawn upon H. S. Stibbs by Gibbs & Coates in the course of business between them. These drafts were, at the request of H. S. Stibbs, made payable at the banking house of the defendants at Cedar Rapids, where they were regularly sent for collection indorsed by plaintiff. Drafts previously drawn by Gibbs & Coates upon H. S. Stibbs had generally been sent to other banks in the same city for collection.

On the 5th of November, 1869, Gibbs & Coates made a draft on H. S. Stibbs in favor of Gen. W. Hyde Clark, plaintiff's cashier, payable at 15 days for $3,024, at defendants' bank, and on the next day a like draft for $1,516.74. These drafts were cashed by plaintiff, accepted by H. S. Stibbs, indorsed and forwarded to defendants (as other former drafts had been) for collection. Not being paid, they were duly protested.

This action is brought upon the written guaranty to recover

the amount of these drafts, and various questions are presented for decision.

I. The first error urged in argument is that the court should have sustained the motion of appellants to strike out

**1. PRACTICE: presumption of waiver.** certain portions of the testimony offered by plaintiff. Upon an examination of the abstract, we fail to find that the motion was ruled upon by the court below. We find the motion in the record, but nothing therein showing any ruling thereon. Without such showing no question is presented by the record in this particular for decision. We must presume, in the state of the record, that the motion was waived. *Guest v. Byington*, 14 Iowa, 30. We will not presume that the court has made an erroneous ruling. It must be shown affirmatively. *Baker v. Brown*, 15 Iowa, 79; *Gantz v. Clark*, 31 Id., 254, and cases cited. Before we can determine whether there would be error in overruling the motion, the record should show that such ruling had been made by the court below. This not appearing, we give no opinion on the question.

II. The point is made and insisted upon by counsel for appellant, that the guaranty sued on was made in favor of

**2. GUARANTY: assignment.** Gibbs & Coates; that such paper is not negotiable or assignable, and, therefore, the plaintiff cannot sue thereon.

Generally, by the common law, a guaranty is not negotiable or in any manner transferable, so as to enable the assignee to maintain an action thereon. It can be sued on only by the party with whom the contract is made. See cases cited in note *a*, 2 Parsons on Contracts, 5th ed., p. 3. But, under our statutes, this and every other kind of contract is assignable. Code, sections 2082 to 2087, inclusive. Even in a case where by the terms of the instrument, its assignment is prohibited, it may be assigned, and the assignee may sue thereon in his own name; but the same defenses may be made against the assignee as could have been made in an action by the assignor. Code, section 2086. That all instruments are assignable under our statutes has been held by this court in numerous cases. See *The State v. Butterworth*, 2 Iowa, 158;

*Charles v. Haskins,* 11 Id., 329; *Conyngham v. Smith,* 16 Id., 471; *Moorman & Greene v. Collier et al.,* 32 Id., 138; *Barthol v. Blakin,* 34 Id., 452.

In Vermont a guaranty is held to be negotiable. *Partridge v. Davis,* 20 Vt., 499.

In New York it is held that a guaranty containing in itself all the elements of negotiability is then negotiable. *Ketchell v. Burns,* 24 Wend., 456.

The guaranty being, under our law, assignable, the plaintiff may sue thereon precisely as could the assignor thereof.

III. The court charged the jury, in substance, that although the guaranty is directed to Gibbs & Coates, yet if they should find that the guaranty was demanded by the plaintiff as a condition precedent to advancing money to Gibbs & Coates on their time drafts on H. S. Stibbs, and that this was known to the defendants at the time they made the guaranty, then upon the delivery thereof to the plaintiff it became a completed contract, and no notice was necessary to be given by the plaintiff to the defendants that it was advancing money on the faith of the guaranty, but if, when the guaranty was made, the defendants did not know, or were not advised that it was required by the plaintiff, but merely gave the guaranty to H. S. Stibbs on his application, without notice that the bank demanded it, then the defendants are not liable on the guaranty, unless the plaintiff gave them reasonable notice that they were advancing money on the faith of the guaranty; and the notice would not be sufficient if given after the maturity of these drafts and after the failure of H. S. Stibbs, the acceptor.

The first objection urged to this instruction is an alleged want of evidence on which to base it. It is claimed in the argument that there is no evidence to show that Carpenter, Stibbs & Co. had any knowledge of any demand of the plaintiff for the guaranty as a condition precedent to making advances to Gibbs & Coates upon the acceptances of H. S. Stibbs, or that they had any notice that the guaranty was intended for the plaintiff, or that they had any notice that plaintiff had the guaranty or was making advances on the

faith of it. We might hesitate before holding, upon the evidence, that the defendants had any prior knowledge that plaintiff demanded the guaranty, and that defendants made the same in response to such demand; but we think there is evidence to support a finding that they had notice or knowledge that plaintiff was cashing the very acceptances which the guaranty was intended to cover. The various transactions between the parties immediately following the making of the guaranty—a course of dealing which then commenced between the parties, continuing between them until the failure of H. S. Stibbs, may afford this conclusion. The giving of the guaranty, in response to a letter from Gibbs & Coates to H. S. Stibbs, stating that their bankers insisted upon the same before cashing H. S. Stibbs' acceptances, immediately followed by Gibbs & Coates drawing time drafts in favor of the plaintiff upon H. S. Stibbs, which were sent by plaintiff to defendants to be collected on plaintiff's account; the frequency of these transactions, and other circumstances within the knowledge of H. B. Stibbs, the managing partner, may well justify the jury in inferring notice or knowledge that the plaintiff was cashing the drafts on the faith of the guaranty.

It is next urged that the instruction is erroneous in that it failed to direct the jury that the defendant was entitled to reasonable notice of each draft cashed by plaintiff on the faith of the guaranty.

On this subject of notice of acceptance of a guaranty, there is considerable conflict in the authorities, and upon this par-

3. ———: notice : when continuous.

ticular point especially, which, however, we will not undertake to reconcile or determine between the conflicting cases, since it follows that if the course of dealing between the parties immediately following the making of the guaranty, together with all the connecting circumstances, is sufficient to justify a finding that defendants had notice that plaintiff was relying upon the guaranty in making advances upon the acceptances of H. S. Stibbs, which were guaranteed by the defendants, then the notice accompanied each transaction, for it is from the transactions and their connecting circumstances that the fact of knowledge is inferred.

While the guaranty is a continuous one, the notice is also continuous, being *pari passu* with the several transactions made on the faith of the guaranty. The jury in finding the fact of notice, from the circumstances, must of necessity have found that it accompanied each acceptance of H. S. Stibbs cashed by the plaintiff and sent to the defendants for collection.

IV. The court gave the following instructions:

"5. If you believe from the evidence that it was within the scope of a general banking business to give a guaranty under the circumstances proved in this case, and you further believe that H. B. Stibbs executed and delivered the guaranty in question in the name of Carpenter, Stibbs & Co., the guaranty was the act of the partnership and of every member thereof, whether they knew or approved of the execution of the guaranty or not.

*4. ——; power of partner to bind firm.*

If it was within the scope of a banking business to give such guaranty, no understanding between the parties to limit their liability can affect the plaintiff in this case.

In considering the question as to whether the giving of a guaranty under the circumstances proved in this case was within the scope of the banking business, you are not to consider alone what was done by the firm, or a private understanding between them as to what should be done; the true inquiry is, was this guaranty within the scope of the business which they held themselves out to the public as transacting. If you find from the evidence that the guaranty was within the scope of their business, your verdict should be for the plaintiff; unless you find that the defendants are not liable by reason of the other defenses as hereinafter explained. If you find that the act was not within the scope of the business, Carpenter, Weare and Reason B. Stibbs are not liable thereon; unless you find from the evidence that they authorized it or ratified it after it was done; this ratification, however, to be binding should be distinctly made, and made upon a full knowledge of the facts with reference to the execution of the guaranty."

Appellants' counsel insist that this instruction was erroneous for several reasons, among which is, that there was no

evidence whatever tending to show that the giving of the letter of guaranty was within the scope of the business of the defendants, or that they had ever before or since given a letter of this kind. Appellants also make the absence of evidence on this point a ground in their motion for a new trial.

The majority of the court hold this instruction correct, and that there is evidence on which to base it. In these conclusions I am unable to concur, and will proceed to state my views in reference thereto.

It is a well settled rule of law that each partner is the general agent of the partnership of which he is a member, and that as to third persons, the partnership will be bound by the contracts of a single partner which are within the scope of the partnership business. See cases cited in notes to §§ 102, 126, Story on Agency; *Western Stage Co. v. Walker*, 2 Iowa, 504, and cases cited; *Boardman et al. v. Adams et al.*, 5 Id., 224.

There are certain contracts and transactions which are well known and universally acknowledged operations in the ordinary course of the business of certain kinds of partnerships, and the law presumes that each partner has the power to bind the firm in such operations. Id. But this presumption does not extend to cases of guaranty. If one partner gives a guaranty in the name of the firm, it is not to be presumed or treated as of course binding on the partnership. It must be shown to be justified, either by the usages of the particular business or by the known habits of the particular partnership, or by the express or implied approbation of all the members of the partnership in the given case. See cases cited in notes to section 127, Story on Agency.

In this case the written guaranty was made by H. B. Stibbs, one of the members of the firm of Carpenter, Stibbs & Co., who were doing a banking business in the city of Cedar Rapids. The law will not presume that he was authorized to bind the partnership by this act, but some proof must be made that it was authorized.

There is absolutely no competent evidence that the making of the guaranty by H. B. Stibbs was justified or authorized

by the general custom or usage of the business in which the defendants were engaged, or by the habits or manner of doing business by them.   It is true that three witnesses on the part of the plaintiff express the *opinion* that such a transaction is within the scope of a general banking business, such as the defendants were doing; and, on the other hand, the same number of witnesses give the *opinion* that the making of the guaranty is not within the scope of legitimate banking. These opinions, however, are incompetent to prove or disprove the fact to be found by the jury.

These opinions establish no fact from which the jury are warranted in finding that the giving of the guaranty was authorized by the usages of a general banking business or by the habits of the business as carried on by defendants.   They throw no light upon the ultimate fact to be established.   That the making of the guaranty was within the scope of the partnership business cannot be established by the opinions of experts to the effect that it was.   The ultimate fact is to be found from evidence of the usage or custom of the business in this respect or from the known habits of dealing by the defendants.   The law says it will not presume that the giving of such an instrument is within the scope of the business, but if evidence be produced, either that it is usual or customary in that kind of business, or that such has been the known habit of the defendants in dealing with others, then the act will be held to be within the scope of the business and binding on all the partners.   There being an entire absence of any such evidence, it was, in my opinion, error to instruct upon the question, and the jury were not authorized to find thereon.

It is my opinion that upon this point the judgment should be reversed, but the majority hold that it must be

AFFIRMED.