Rodabaugh v. Pitkin.

---

RODABAUGH v. PITKIN.

1. **Promissory Note:** GUARANTOR: WANT OF NOTICE. The guarantor of a note is not discharged from liability by reason of the failure to serve him with notice of non-payment, unless he can show that he suffered detriment thereby.

*Appeal from Van Buren Circuit Court.*

WEDNESDAY, OCTOBER 3.

PLAINTIFF was the payee and holder of a negotiable promissory note made by one J. W. Peabody. The name of the appellant was written on the back of said note. The plaintiff

Rodabaugh v. Pitkin.

commenced this suit against appellant and one Huffman, whose name was also indorsed on said note. The original petition charges the defendants as guarantors. An amended petition charges defendants as makers of the note. The defendants answered in substance that Peabody, who was the principal debtor, and the maker of the note, absconded before the note became due, leaving property in this State which was subject to attachment and execution; that by plaintiff''s permission, defendants commenced a suit on said note against said Peabody and attached certain property; that at next term of said court in which said cause was pending, defendants took a default against Peabody, but were unable to procure the note as evidence because it was in the hands of a third person as trustee of plaintiff; that for this reason they failed to obtain judgment at that term; that defendants afterward made a demand of said plaintiff in writing that he proceed with said suit, or furnish said note within ten days that they might proceed therewith; that plaintiff refused to deliver said note to defendants; that by reason of plaintiff's negligence in not prosecuting said suit, or in not permitting defendants to do so, the attached property became damaged, wasted, and lost, to an amount sufficient to have paid the whole of said note. In an amendment to the answer defendants deny that they are makers of said note, and aver that no demand on the maker was ever made, nor any notice of non-payment given to defendants; and that plaintiff has not used due diligence in the prosecution of a suit against the maker of the note. There was a trial before the court. Judgment was rendered for the plaintiff. Defendant Pitkin appeals.

*Lea & Beaman*, for appellant.

*Williams & Work* and *H. Clay Clinton*, for appellee.

ROTHROCK, J.—I. The appellant's blank indorsement of the note made him liable as a guarantor of the performance of the

1. PROMIS-SORY note: guarantor: want of notice.

contract. Code, Sec. 2089. Peabody, the maker, absconded before the note became due. No demand of payment was made upon him when the note became due, and the facts abundantly show that the guar-

VOL. XLVI—35

antors received no detriment from the want of notice of non-payment. If they did not receive detriment they are chargeable without notice. Code, Sec. 2090.

II. The guarantors instituted a suit in attachment against the maker, after he had absconded and before the note became due. No judgment was taken in the attachment proceedings at first term. Appellant insists that he was prejudiced by this continuance of the cause, and that it was occasioned by the failure of plaintiff to deliver the original note to him to be used in evidence. Whatever effect this might have upon the rights of the parties, we think the evidence justified the court below in finding that there was no negligence in the plaintiff in this regard.

It appears that no demand for the note was made upon plaintiff until after the term of court was past. Judgment was taken at the succeeding term. We need not repeat the evidence.

AFFIRMED.