DAVIS SEWING MACHINE CO. v. MILLS ET AL.

1. **Contract:** CONTINUING GUARANTY: NOTICE TO GUARANTOR. One who executes a continuing contract of guaranty, under which he becomes liable for an amount varying at different times, is entitled to notice of the amount of his liability within a reasonable time after the close of the transactions between the principals.

*Appeal from Davis Circuit Court.*

FRIDAY, MARCH 25.

ACTION on a contract of guaranty. There was a verdict and judgment for the defendants. The plaintiff appeals.

*Traverse, Payne & Eichelberger*, for appellant.

*Geo. D. Porter*, for appellee.

SEEVERS J.—I.   One Boal executed a written obligation to the plaintiff, whereby he agreed to sell sewing machines for the plaintiff and account therefor upon certain terms and conditions therein specified. The due performance of this obligation on the part of Boal the defendants guaranteed. Notice of acceptance was expressly waived. The contract of guaranty was a continuing one, and thereunder the liability of the guarantors might be greater at one time than at another. The court instructed the jury:  *First*, that notice of the acceptance of the guaranty was not necessary;  *Second*, the plaintiff was not bound to notify the defendants from time to time of the amount of credit extended to Boal; and *Third*, "but it was the plaintiff's duty within a reasonable time after all the transactions were closed to notify the defendants of the amount due under the guaranty, and for which they are liable, and if you find that the plaintiff failed to notify defendants of the amount due from said Boal for which they were liable within a reasonable

*1. CONTRACT: continuing guaranty: notice to guarantor.*

time after all transactions were closed, and the said Boal became insolvent before such notice was given, the defendants would be discharged from all liability under the contract." The plaintiff complains of the last proposition only, and insists it constitutes prejudicial error.

We are not agreed as to the proper construction of the third proposition above stated. Some of us incline to think the court meant to be understood as saying that the plaintiff was bound to notify the defendants of Boal's default within a reasonable time after the transactions guaranteed had been closed. If this be the proper construction, the instruction we think is correct, under the rule adopted in *Second Nat. Bank of Rockford v. Gaylord*, 34 Iowa, 246; *Rodabaugh v. Pitkin*, 46 Iowa, 544. Others of us think the court meant that the defendants were entitled to notice, within a reasonable time after all transactions were closed, of the extent of their liability. If this be the proper construction of the instruction we do not understand the court has determined the question thus presented, and as we are advised there is apparently a conflict in the authorities in relation thereto, We, however, think the weight of authority is in accord with the rule of the instruction. 2 Parsons on Contracts, 5 ed., 13–14.

In cases where the guaranty is a continuing one, and the parties must have understood the liability thereunder would be increased and diminished from time to time and the guaranty uncertain as to when it would cease to be binding on the guarantor, and when the party indemnified has the power at pleasure to annul and put an end to the contract guaranteed without the knowledge of the guarantor, we think the better rule is that the guarantor should have notice within a reasonable time after the transactions under the contract guaranteed are closed of the amount of his liability thereunder, to the end he may, with the use of reasonable diligence, secure himself from loss. What constitutes a reasonable time was properly defined in an instruction given the jury.

There was no evidence tending to show a notice to the de-

fendants as required by the instruction aforesaid, and the jury were warranted under the evidence in finding a reasonable time had elapsed after the transactions had closed before the commencement of this action. Such being the case, in no event was the plaintiff entitled to recover, and all the errors discussed by counsel are wholly immaterial.

AFFIRMED.