The German Savings Bank, Appellee, v. The Drake Roofing Company, J. F. N. Drake, Defendants. F. O. Drake, R. T. C. Lord and A. P. Cottrell, Appellants.

**Guaranty and Offer to Guaranty:** ACCEPTANCE: *Consideration.* An instrument reciting that, to induce a certain bank to extend credit to a named principal, the signers guaranty the bank the payment of all indebtedness which may accrue from the principal to the bank within a certain time, not exceeding a certain sum, for which instrument there is no consideration, except the future advances to be made, and which is not signed at the bank's request or in its presence, is a mere offer of guaranty, requiring notice of acceptance by the bank to bind the guarantors.

NOTICE TO GUARANTORS OF ADVANCES MADE ON GUARANTY: *Excuse for not giving.* In an action on a guaranty for the payment of all indebtedness accruing to a bank from a certain principal within a certain time, the principal's insolvency, from the making of the guaranty down to the commencement of the suit, is sufficient excuse for not giving notice to the guarantors of the advancements or of the state of the account at the expiration of the guaranty.

DEMAND AND NOTICE OF NON-PAYMENT. In an action on a guaranty for the payment of all indebtedness accruing to a bank from a certain principal, demand and notice of non-payment are not essential to a recovery.

*Appeal from Polk District Court.*—Hon. T. F. Stevenson, Judge.

Monday, October 15, 1900.

Action at law on a contract of guaranty. Defendants pleaded no notice of the acceptance of the guaranty, of advancements made thereon, or of the default of the principal debtor. They also pleaded extension of time to the principal, and change in the principal contract without their assent. The case was by agreement tried to the court with-

out a jury, resulting in a judgment for plaintiff; and the defendants other than the Drake Roofing Company and J. F. N. Drake appeal.—*Reversed.*

*Phillips, Ryan & Ryan* for appellants.

*W. G. Harvison* for appellee.

DEEMER, J.—The Drake Roofing Company was engaged in the business of gravel roofing in the city of Des Moines. Prior to October 2, 1895, it had been doing business with plaintiff, a banking corporation in the same city. Wishing to branch out in its business, the roofing company, through its secretary, J. F. N. Drake, applied to the bank for further accommodations, by way of loans, to enable it to buy materials in larger quantities and at better rates. The secretary did not wish to furnish sureties every time he called for a loan, and a guaranty was agreed upon. The attorney for the bank prepared the instrument, which was as follows, to-wit: "For the purpose of inducing the German Savings Bank, of Des Moines, Polk county, Iowa, to extend credit to the Drake Roofing Company, the undersigned, J. F. N. Drake, F. O. Drake, A. P. Cottrell and R. T. C. Lord, hereby guaranty to the said German Savings Bank payment of all notes, checks, drafts, overdrafts, and other evidences of indebtedness which may accrue from the said Drake Roofing Company to the said German Savings Bank within six months from the date of this guaranty, not to exceed the sum of $500, it being the intention of this contract to secure payment to the said German Savings Bank; and the undersigned hereby agree to pay to the said German Savings Bank all notes, checks, drafts, overdrafts, and other evidences of indebtedness from said Drake Roofing Company to said German Savings Bank which may accrue within six months from the date hereof, not to exceed $500, waiving demand, notice, and protest on the part of the said German Savings Bank in collecting

said sums from said Drake Roofing Company." The secretary took this to the defendants, who signed it, and he (the secretary) returned the same to the bank. A few days after the delivery of the instrument, the roofing company was allowed to overdraw its account to the extent of $500. Thereafter and about the time the bank's quarterly statement was due, it requested the roofing company to make a note for $500, to cover that amount of the overdraft. The request was granted, and on the fifth day of November, 1895, the roofing company, through its secretary, executed and delivered a demand note for the sum of $500, payable to the bank. This note was renewed on February 10, 1896, and again on April 1, 1896—each time by a demand note bearing 8 per cent. interest, and providing for attorney's fees. No notice of the acceptance of the guaranty, or of advances made thereon, was ever given the defendants. At the time of the transactions in question the Drake Roofing Company was insolvent, and, as it failed to pay the last renewal note, this action was brought on that note, and the instrument of guaranty hitherto set out. The defenses have already been stated, and as they are each and all relied on, they will be considered in the order in which they were set out.

When defendants signed the letter of guaranty, the Drake Roofing Company was not indebted to the plaintiff. The advancements were made by the bank after the delivery of the instrument of guaranty, and the primary question is, was notice of the acceptance of the guaranty necessary? The authorities relating to this question are in hopeless conflict, and, although some of the rules are fairly well settled, there is a want of harmony in the decisions applying them to special circumstances. When the guaranty is a letter of credit, or an effort to become responsible for a credit that may or may not be given to another, at the option of the party to whom the application for credit is made, the decided weight of authority is

that the guarantor must within a reasonable time be notified of the acceptance of the guaranty. But they differ more or less in determining what is a guaranty and what an offer to guaranty. Two very satisfactory and conclusive reasons are given for this general rule. The first is that the so-called guaranty is a mere offer or proposition, and is not complete until the party making the offer is notified of its acceptance, when the minds of the parties meet, and the contract is completed. The second is that the party making the offer is entitled to know whether or not his offer has been accepted, that he may know his responsibility, and so regulate his course of conduct toward the principal debtor that he may not suffer loss. See, as supporting the rule, *Edmonston v. Drake,* 5 Pet. 113 (8 L. Ed. 251) *Douglass v. Reynolds,* 7 Pet. 113 (8 L. Ed. 626); *Lee v. Dick,* 10 Pet. 482 (9 L. Ed. 503); *Adams v. Jones,* 12 Pet. 207 (9 L. Ed. 1058); *Davis v. Wells,* 104 U. S. 159 (26 L. Ed. 686);*Machine Co. v. Richards,* 115 U. S. 524 (6 Sup. Ct. 173, 29 L. Ed. 480); *Claflin v. Briant,* 58 Ga. 414; *Taylor v. McClung,* 2 Houst. 24; *Tuckerman v. French,* 7 Greenl. 115; *Kellogg v. Stockton,* 29 Pa. St. 460; *Kincheloe v. Holmes,* 7 B. Mon. 5; *Allen v. Pike,* 3 Cush. 238; *Mussey v. Rayner,* 22 Pick. 223; *Rankin v. Childs,* 9 Mo. 673; *Mayfield v. Wheeler,* 37 Tex. 256; *McCollum v. Cushing,* 22 Ark. 540; *Geiger v. Clark,* 13 Cal. 579; *Cooke v. Orne,* 37 Ill. 186; *Oaks v. Weller,* 13 Vt. 106; *Steadman v. Guthrie,* 4 Metc. (Ky.) 147; *Kay v. Allen,* 9 Pa. St. 320; *Beebe v. Dudley,* 26 N. H. 249. In *Douglass v. Howland,* 24 Wend. 35, Justice Cowen wrote an elaborate opinion entirely repudiating the doctrine of notice as necessary to the consummation of the contract; but that case has not been generally followed, and has been doubted, if not overruled, by *Jackson v. Griswold,* 4 Hill, 522. See, also, *Beekman v. Hale,* 17 Johns, 140. There are a few cases which seem to hold a guaranty relating to future advances binding, although no notice of acceptance is

given the guarantor. These decisions are opposed to the great weight of authority ,and we are not inclined to follow them. See *Whitney v. Groot,* 24 Wend. 82; *Wright v. Griffith,* 121 Ind. 478 (23 N. E. 281, 6 L. R. A. 639); *Bank v. Coster's Ex's,* 3 N. Y. 203; *Lonsdale v. Bank,* 18 Ohio, 126; *Yancey v. Brown,* 3 Sneed, 89. But even here the conflict is more in the application of principles to particular facts than in the principles themselves. The difficulty seems to be in distinguishing between an absolute guaranty and a mere offer to, or proposal of, guaranty. In some cases it is held that notice of acceptance must be given the guarantor even though his promise be absolute in terms. Chief Justice Marshall so held in *Russell v. Clarke's Ex'rs,* 7 Cranch, 69 (3 L. Ed. 271). Judge Story appears to have been of the same opinion. See *Cremer v. Higginson,* 1 Mason, 323, Fed. Cas. No. 3383. See, also, *Allen v. Pike, supra; Talbot v. Gay,* 18 Pick. 534; and *Craft v. Isham,* 13 Conn. 28. But New York and some other states hold to the contrary. See cases already cited. But here, again, the conflict seems to be founded primarily on the construction of the contract, and on the divergent views as to what constitutes an absolute guaranty. Conceding for the purposes of the case that no notice of acceptance of an absolute guaranty is required, and holding, as we do, that a mere offer or proposal of guaranty requires notice of acceptance by the other party, we are to determine to which class the instrument in suit belongs. The best statement of the rule we have been able to find is that announced in *Machine Co. v. Richards,* 115 U. S. 524 (6 Sup. Ct. Rep. 173, 29 L. Ed. 480), where Gray, J., speaking for the court, says: "A contract of guaranty, like every other contract, can only be made by the mutual assent of the parties. If the guaranty is signed by the guarantor at the request of the other party, or if the latter's agreement to accept is contemporaneous with the guaranty, or if the receipt from him of a valuable consideration, however small, is acknowledged in the guar-

anty, the mutual assent is proved, and the delivery of the guaranty to him, or for his use, completes the contract. But if the guaranty is signed by the guarantor without any previous request of the other party, and in his absence, for no consideration moving between them, except future advances to be made to the principal debtor, the guaranty is, in legal effect, an offer or proposal on the part of the guarantor, needing an acceptance by the other party to complete the contract." See, also, De Cremer v. Anderson, 113 Mich. 578 (71 N. W. Rep. 1090). The case at bar clearly belongs to the latter class stated by Justice Gray. There is no evidence of any request from plaintiff to defendant guarantors, or of any consideration moving from it, and received or acknowledged by them at the time they signed the guaranty, or that credit was extended the Drake Roofing Company at the time the letter of guaranty was delivered. Indeed, it clearly appears that the guaranty was not signed at the request of plaintiff. It was not present, either by agent or otherwise, at the time the instrument was executed; and there was no consideration for the guaranty, except in the future advances to be made to the roofing company. Plaintiff did not know who was to sign the guaranty until it was delivered, and even after delivery it was not bound to extend credit to the roofing company. We are of opinion that the instrument was in legal effect, a mere offer of guaranty, requiring notice of acceptance to bind the guarantors. It is conceded by all parties that the guaranty is a collateral, and not an original, promise. Hence we have no occasion to determine any other question than that already decided. If the guaranty should be construed to be an original promise on the part of the defendants to pay for any goods that might be furnished to the Drake Roofing Company, or to pay any advances that might be made to it, perhaps the delivery of the goods or the furnishing of the money might complete the contract, under the rule announced in Bishop Contracts, sections 330-333.

But no such contention is made in the case. The waiver of notice found in the guaranty has no reference to the notice of acceptance.

Appellee contends, however, that we have already committed ourselves to the New York rule, and cites a number of our former decisions in support of its contention. This claim calls for a review of some of our previous cases. In *Carman v. Elledge,* 40 Iowa, 409, one Hampton had purchased a cow at public sale. Carman, the seller, refused to deliver her on Hampton's credit alone, and a note for the purchase price was drawn up and signed by Hampton. Defendant Elledge made an order on Carman to let Hampton have the cow, stating in the order that he would sign the note with Hampton. Relying on defendant's promise, Carman delivered the cow, but Elledge refused to sign or pay the note. In that case we approved the rule hitherto announced in this opinion, but held that the instrument, if a guaranty at all, was absolute and complete, and not a mere offer or proposal. It will be noticed that the obligation of the principal debtor in that case was complete at the time the order was written, and that the acceptance of the order and the delivery of the animal were contemporaneous. That case is an authority for the rule we have just announced. In *Case v. Howard,* 41 Iowa, 479, plaintiff sold one Hills a bill of goods on the faith and credit of a writing signed by defendant, as follows: "Mr. Hills wishing to prchase one case of tobacco on credit, I hereby agree to see the same paid for in four months, should said purchase be made." Recognizing the rule in the *Carman Case,* we said, speaking through Day, J.: "The guaranty in this case was absolute." This is all that is said regarding that point. That it was not regarded as controlling clearly appears from what follows. The opinion then recites that, when Hills returned from making his purchase he exhibited a bill showing the purchase of the tobacco on credit of four months, and a settlement of the same by note. This was held to be notice to the defendant that the condition on

which he had agreed to become liable had been performed. This case is in line with all the authorities which hold that the notice need not be in any particular form, nor need it come from the guarantee himself. Knowledge, no matter how acquired, is held to be notice, and it may be inferred from facts and circumstances warranting such a conclusion. See *Adams v. Jones, supra. Bascom v. Smith,* 164 Mass. 61 (41 N. E. Rep. 130); *Bishop v. Ealon,* 161 Mass. 496 (37 N. E. Rep. 665, 42 Am St. Rep. 437); *Oaks v. Weller,* 16 Vt. 63; *Bank v. Carpenter,* 41 Iowa, 518. These cases are the only ones on which appellee relies, and we have seen that they do not support the rule contended for by it. There are some other cases to which it is well to call attention. In *Case v. Luse,* 28 Iowa, 527, the rule of *Lee v. Dick,* 10 Pet. 482 ( 9 L. Ed. 503), and the statement of the principle in 2 Parson Contract, p. 13, note "d," was approved; and although the instrument sued on in that case was held not to be a promise, yet it was said that, if it had been, defendant was not bound, because not notified of its acceptance. In *Farwell v. Sully,* 38 Iowa, 387, the necessity of notice of acceptance of a guaranty and of future advances was recognized. In *Crittenden v. Steele,* 3 G. Greene, 538, the promise was held original, and not collateral, and it was said that no notice of acceptance was required. But the case really turned on defects in the pleadings. In *Bank v. Carpenter,* 41 Iowa, 523—a case decided the next day after the Howard opinion was filed—we said: "On this subject of notice of acceptance of guaranty there is considerable conflict in the authorities, and upon this particular point especially, which, however, we will not undertake to reconcile or determine between the conflicting cases, since it follows that if the course of dealing between the parties immediately following the making of the guaranty, together with all the connecting circumstances, is sufficient to justify a finding that defendants had notice that plaintiff was relying on the guaranty in making the advances," etc. This statement is quite conclusive of the proposition that the court had the day be-

fore held in the *Howard Case*—that no notice was necessary. In *Scribner v. Rutherford,* 65 Iowa, 551, it is held, in effect, that a mere offer of guaranty must be accepted, and notice thereof given the guarantor. We are therefore committed to the rule that a mere offer or proposal of guaranty is not a complete contract until notice of acceptance thereof is given the guarantor. That is the rule we have now reaffirmed, and, applying the rule by which to determine whether or not the promise in this case was absolute, we find that it was a mere offer or proposal, and that, as defendants had no notice or knowledge of its acceptance, it was not binding on them.

II.    When a guaranty is continuing, and is unlimited in amount, and the amount for which the guarantor may be held responsible is subject to change, notice of advancements made and of the amount due when all the transactions are closed is generally held to be necessary. *Machine Co. v. Mills,* 55 Iowa, 543; *Manufacturing Co. v. Littler,* 56 Iowa, 601. In the instant case the amount of defendants' liability is fixed by the instrument itself, and the promise is such that notice of advancements made from time to time may well be said to have been waived. But, aside from this, the evidence shows that the Drake Roofing Company was insolvent from the time of the making of the guaranty down to the commencement of this suit. That fact alone is sufficient excuse for not giving notice of the advancements, or of the state of the account at the time the guaranty expired by limitation of time. *Manufacturing Co. v. Welch,* 10 How. 473 (13 L. Ed. 497). Demand and notice of non-payment were not essential to recovery. *Claflin v Reese,* 54 Iowa, 544; *Rodabaugh v. Pitkin,* 46 Iowa, 544; *Bank v. Gaylord,* 34 Iowa, 246. For the error pointed out, the judgment of the district court is reversed.

GRANGER, C. J., not sitting.