BANKERS IOWA STATE BANK, v. MASON HAND LATHE COMPANY AND W. E. MASON, Appellant.

Notes:   ACCOMMODATION INDORSER: WANT OF CONSIDERATION. Want
1    of consideration is not a defense to an action on a note against an accommodation indorser, although accepted with knowledge that the indorsement was a mere accommodation.

Waiver of Protest:   EVIDENCE.   Evidence considered and held
2    sufficient to show a waiver of protest by an accommodation indorser.

Mortgage Security:   SALE OF:   ESTOPPEL.   An accommodation in-
3    dorser of a note secured by a chattel mortgage, who consents to a disposition of the property by the mortgagor, cannot afterwards complain that the full value thereof was not realized.

Notes:   ACCOMMODATION INDORSER: PURPOSE OF INDORSEMENT:   FU-
4    TURE ADVANCES: RENEWALS.   Where a corporation is indebted to a bank, and, desirous of borrowing more money, executes its note to a third party without consideration, who indorses it to the bank with the statement that he wishes to deposit it as security for any obligations which may be due or may become due by the corporation, such indorsement is for the accommodation of the corporation and not the bank; the terms of deposit contemplate its security for future indebtedness, and, if the indorser were treated as a guarantor, the effect of renewals of the indebtedness would not be to discharge him.

Liability of Indorser:  NOTICE OF ACCEPTANCE.   To bind an ac-
commodation indorser of a note it is not necessary to notify him
that his guaranty is accepted.

*Appeal from Polk District Court.*—HON.  C. P. HOLMES,
Judge.

THURSDAY, MAY 22, 1902.

THE Mason Hand Lathe Company, being indebted to
the plaintiff, and desirous of borrowing more money,
executed to W. E. Mason its note of $3,000, dated June
15, 1894, payable in one year, with interest at eight per
cent. per annum, and to secure payment executed to him
a chattel mortgage covering its property.   He then in-
dorsed the note in blank to plaintiff, accompanying it and
the mortgage with a letter, in which he wrote:   "I wish
to deposit it as security for any obligation that may be
due, or that hereafter may become due, by J. F. Mason, as
manager of the said Hand Lathe Co."   Thereafter four
notes were executed to the plaintiff by the company, per
J. F. Mason as manager, on which $1,650 was due Decem-
ber 20, 1894.   Judgment by default was entered against
the company.   After trial, judgment for the amount stated
was also rendered against W. E. Mason, who appeals.—
*Affirmed.*

*C. C. Cole* for appellant.

*Berryhill & Henry* for appellee.

LADD, C. J.—The note of $3,000 was executed by the
Mason Hand Lathe Company to W. E. Mason without con-
sideration.   In taking it and indorsing it to the plaintiff,

1. ACCOMMO-
DATION in-
dorser: want
of consider-
ation.

he acted solely for the accommodation of the
company, whose manager was his brother, and
this was known to the bank.   The object was
to furnish collateral security for obligations of the company
existing and thereafter to be executed.   The good faith of
the bank is not questioned, and, as the notes of the com-
pany to it were renewed and times of payment extended

after the indorsement of the note by defendant to the bank, a valuable consideration was paid. This being true, it is immaterial whether the note to or indorsement by W. E. Mason was based on a consideration running from or to him. The entire purpose of the transaction was to enable the company, the payor, to negotiate it as collateral security for its obligations, existing or to be executed. This was for the accommodation of the company, not of the bank. As said in *Winters v. Insurance Co.*, 30 Iowa, 172: "This was the usual course of business. It is a common practice for a party for whose benefit accommodation paper is made to execute his note to his accommodation indorser, to obtain his indorsement in blank, and then negotiate the paper himself." The very object of the accommodation indorser in such a case is to loan his credit, and, while want of consideration might be pleaded as a good defense between him and the person sought to be accommodated, it is no defense as against a third person purchasing in good faith, for value, even though with knowledge of all the facts. The law is perspicuously stated by Wright, J., in *Jones v. Berryhill*, 25 Iowa, 289: "The general rule is that, if a party takes paper knowing that it is open to the defense of a want of consideration against the original payee, the defendant may interpose such defense as effectually as though the note or paper had not been transferred. An exception to this rule, however, is found in the case of accommodation paper. The indorser, in such a case, intends to lend his credit to one who pays nothing. In the hands of one thus accommodated, the defense of a want of consideration is perfect. In the hands of a third person, even with full knowledge of a want of consideration, who purchases in good faith, for value, the defense no longer obtains, for he bought and took it upon the faith of the credit thus loaned. And without this exception, or rule, rather, accommodation paper would be of little use in the commercial world."

II.   The note was not protested at maturity, but plaintiff pleaded this was waived, and introduced in evidence the following paper: "Des Moines, Iowa, June 15th, 1895.   For value received, I hereby guarantee the payment of the following described note at maturity, or at any time thereafter, and as indorser thereof waive demand, protest, and notice of protest:   Note of Mason Hand Lathe Company for $3,000.00 dated June 15th, 1894, and due in one year from date, with interest thereon at the rate of eight per cent. per annum, and payable to the order of W. E. Mason.   Wm. E. Mason."   According to defendant's recollection, this was executed a long time after the note matured.   In this we are inclined to think him mistaken.   On the 12th of June, 1895, he wrote from Chicago, Ill., to the cashier of the bank: "My brother, Mr. J. F. Mason, will be in Des Moines within a few days, and has arranged to sell the property of the Hand Lathe Company, and take care of your note, and I hope you will have no further trouble nor delay in the matter.   I will waive protest on the note." Upon the receipt of this letter, which was before the note became due, the attorney of the bank dictated the above formal waiver, and it, with a letter, was mailed to the defendant; and the cashier testified said waiver, duly signed, was returned to the bank June 19, 1895, in an envelope postmarked in Chicago the day previous.   If so, it must have been signed not later than the 18th day of June, the last day of grace.   This view is somewhat corroborated by appellant's subsequent promises of payment in letters to the bank and orally to its attorney, though these are explainable on the theory of a supposed liability on the guaranty.   Clearly, he intended to make the waiver effective, and, in view of its date and his knowledge as a lawyer of precisely what was necessary, we think that intention was accomplished.

2. WAIVER of protest: evidence.

III. Considerable of the property covered by the mortgage was sold, and the proceeds applied on the indebtedness to plaintiff. The remainder was shipped to Chicago under the agreement to remit to J. F. Mason as disposed of, and his oral promise to apply the proceeds on the mortgage. Nothing had been received from this at the time of the trial. But whatever was done was with defendant's consent, as, upon being informed by plaintiff's attorney of his brother's proposal to sell the property and asked his wish, he responded ''that whatever they say in regard to the matter is all right, as this is purely a matter of accommodation on my part.'' Having consented to the disposition as proposed by those in the control of the company, he is not in a situation to complain because full value was not realized, or all the proceeds collected. The decree requires delivery to the defendant of all collaterals held by the bank as security for its indebtedness upon payment by him. Regardless of whether these were tendered during the trial, this is all he is entitled to. As we find defendant liable as indorser, it is unnecessary to determine whether he might also be held as guarantor.—AFFIRMED.

3. MORTGAGE security: sale of: estoppel.

SUPPLEMENTAL OPINION, OCTOBER 28, 1903.

PER CURIAM.—In a petition for rehearing counsel for appellant urged that some of the objections argued by him were not noticed by the court in the opinion. Thereupon a rehearing was granted, and the case has been resubmitted, with additional arguments on each side. We still adhere to the views expressed in the first opinion, but deem it proper to consider some further contentions of appellant.

The note indorsed by W. E. Mason and delivered by him to the plaintiff was not indorsed in any proper sense for the accommodation of the plaintiff, but for the accommodation of the Mason Hand Lathe Company. It was

deposited "as security for any obligation that may be due or that may hereafter become due" by the Mason Hand Lathe Company to plaintiff. We may concede for the purpose of this case that W. E. Mason, by means of this transfer, and to the extent of the amount of this note, became a guarantor for the Mason Hand Lathe Company; but the security thus furnished was the note bearing his indorsement, and imposing on him the liability implied from such indorsement. As to any claim that the note was negotiated through W. E. Mason merely as a pretense, and that it and the chattel mortgage given to secure it were accepted as security with the understanding that W. E. Mason was not to become personally liable, it is enough to say that there is no evidence of any agreement that W. E. Mason should not be bound by his indorsement, and that plaintiff consistently claimed from first to last in its correspondence with W. E. Mason that he was personally liable on his indorsement, while, on the other hand, such liability was repeatedly recognized by him. W. E. Mason was not personally liable to plaintiff to any extent or in any manner, unless he was liable on this indorsement. Appellant's counsel argues that the security was only for indebtedness then existing and already due or afterwards to become due. But reading the letter of W. E. Mason in the light of all the circumstances, we cannot so interpret it. Both J. F. Mason and W. E. Mason testify that the security note and mortgage were deposited with the plaintiff for the purpose of securing future credit and it clearly appears that the sum of $1,500 was loaned by plaintiff to the Mason Hand Lathe Company after the security note was deposited. At the time such note was deposited the indebtedness was only on two notes for $700 and $500, respectively, both secured by mortgages on real estate; and the indebtedness on these two notes must have been largely reduced by application of proceeds of the mort-

4. ACCOMMODATION indorser. purpose of indorsement: future advances: renewals.

gaged real estate, for a very large part of the judgment of
$1,650 rendered against W. E. Mason is for balance of the
$1,500 note not satisfied out of the chattel property. If
the object was only to guarantee the payment of these two
notes for the aggregate sum of $1,200, why should W. E.
Mason have indorsed and deposited with plaintiff a note
for $3,000, which was drawn for the express purpose of
using it in this way? It is clear to us from the testimony
of W. E. Mason himself that his intention was to secure
future advances, as well as indebtedness then existing,
and it is equally clear that plaintiff accepted the security
note with this understanding. The language of W. E.
Mason's letter must be interpreted in the light of the con-
struction which he and plaintiff placed upon it.

Further, it is urged that all the obligations of the
Mason Hand Lathe Company to plaintiff, for which plain-
tiff seeks to hold W. E. Mason as indorser, are renewals,
executed after the security note was accepted; and that,
as W. E. Mason was practically a guarantor only, he was
released by the extension of time given by such renewals.
But the agreement was for a continuing guaranty, and by
its terms it was applicable to new indebtedness. There-
fore, renewals were covered as fully as existing indebted-
ness or indebtedness newly created. This is the construc-
tion which all the parties put on the transaction. W. E.
Mason fully acknowledged his liability long after he must
have known that any obligations of the Mason Hand Lathe
Company to plaintiff were renewals executed after the
security note had been transferred by him to plaintiff.

The last contention of counsel to which we need refer
is that W. E. Mason was not bound for any sums advanced
by plaintiff to the Mason Hand Lathe Company after the

5. LIABILITY of
indorser:
notice of ac-
ceptance.
transfer of the security note, because he was
not notified of the acceptance of his guaranty
as to such advancement. It is true that a
mere offer or proposal of guaranty requires notice of

accetpance. *German Savings ·Bank v. Drake Roofing Co.*, 112 Iowa, 184. But here was an absolute guaranty to a limited amount. . The security note was transferred to plaintiff with authority to make advances upon the security thus given. When advances were made upon the authority expressly given, the·right of the plaintiff to hold the security therefor became perfect. It may be said here, ·as was said by us in *German Savings Bank v. Drake Roofing Co.*, *supra*: ''The amount of defendants' (guarantors') liability is fixed by the instrument itself,. and the promise: is such that notice of advancement made from time to time may well be said to have been waived."—AFFIRMED.