W. S. McKEE v. GEORGE W. NEEDLES, Appellant.

Guaranty: ACTION ON: PARTIES. Suit may be prosecuted on a writ-
1   ten guaranty in the name of the person to whom it is payable,
    though given him to secure a debt due another.

Consideration. A guaranty is supported by a sufficient considera-
2   tion where it appears that the guarantee has suffered any det-
    riment by reliance upon its acceptance.

Liability of Guarantor: DEFENSES. Where a newspaper publisher
3   gave an unconditional written guaranty to pay the debt of one
    engaged with him in the publication of a special edition, to be
    paid on the issuance thereof, and an edition of that character
    was subsequently published, he could not defeat his liability
    by showing that the joint enterprise was afterwards abandoned,
    or that the special edition was not that contemplated; or that
    the sum guarantied was to be paid from such other's share in
    the proceeds of the venture, parol evidence of the latter claim
    being inadmissible.

Acceptance of Guaranty: NON PAYMENT: NOTICE. Notice of the
4   acceptance of an absolute guaranty of an existing indebtedness,
    or of nonpayment by the principal debtor is not necessary to
    fix the liability of the guarantor.

*Appeal from Appanoose District Court.*—HON. M. A
ROBERTS, Judge.

FRIDAY, FEBRUARY 19, 1904.

ACTION to recover on an instrument of guaranty. From judgment on a directed verdict for plaintiff, the defendant appeals.—*Affirmed.*

*C. F. Howell* and *W. R. C. Kendrick* for appellant.

*C. R. Porter* for appellee.

McClain, J.—It appears that the defendant, as publisher of a newspaper named the "Centerville Citizen," in January, 1901, entered into an arrangement with one Sherman by which the latter was to secure advertisements for a special edition of the newspaper, which was to be printed by the defendant, the two to share equally in the gross receipts. The issuance of this special edition was delayed beyond the time originally contemplated, and in the meantime Sherman and his family had been boarding at a hotel owned and operated by the Continental Hotel Company, a corporation of which plaintiff was manager. On February 26th defendant executed the following instrument, which was delivered by Sherman to plaintiff: "This is to certify that I hereby guarantee payment to you the sum of One Hundred and Seventy and 45-100 dollars amount of J. F. Sherman and family indebtedness for hotel accommodations up to February 27, 1901. To be paid on publication of the Citizen's forthcoming special edition." Thereupon Sherman and his family, with whatever baggage and personal belongings they had, left the hotel, and no effort was made then or afterwards by plaintiff to enforce the collection of the board bill against Sherman. On April 24th following, a special edition of the "Centerville Citizen" was published by defendant, containing advertising matter, some of which had been secured by Sherman, special copies being delivered to those who had made contracts therefor while Sherman was acting under the contract.

Appellant complains of the action of the court in directing a verdict for plaintiff for the amount named in the guaranty contract principally on these grounds: First, that plaintiff was not entitled to sue on the guaranty in his own name; second, that the guaranty was without consideration; third, that the contract of guaranty, in the light of the evidence introduced, did not conclusively establish any liability on the part of defendant; and, fourth, that plaintiff did not give notice of acceptance of the guaranty, or that the indebtedness had not been paid by Sherman, the principal debtor.

I.   The contention that the plaintiff was not entitled to maintain an action on this guaranty, and that, if there was any right of action thereunder, the suit should have been brought by the corporation, is not well founded. The guaranty was to "W. S. McKee, Manager;" and, under Code, section 3459, a party with whom or in whose name a contract is made for the benefit of another may bring suit thereon in his own name, without joining with him the party for whose benefit the action is prosecuted. *Leach v. Hill,* 106 Iowa, 171. The thought of counsel seems to be that plaintiff should have sued as "manager," but the addition of such a description to plaintiff's name would have been immaterial. Had such a description been added to plaintiff's name, the suit would still have been by plaintiff in his individual capacity, and not by the corporation; and plaintiff had the right to sue in his individual capacity, as he did.

*1. Guaranty: action on parties.*

II.   The written instrument imported a consideration, and it was for defendant to show want of consideration by way of defense.  A guaranty of the payment of indebtedness already accrued must, of course, be supported by an independent consideration, but it is not essential that this consideration be a benefit to the guarantor. Any detriment to the guarantee incurred in reliance on the guaranty is sufficient. *Taylor, Thomas & Co. v. Wightman,* 51 Iowa, 411; *Lomax v. Smyth,* 50 Iowa, 223; *Harlan v. Harlan,* 102 Iowa, 701; 1 Brandt on Suretyship (2d Ed.) section 17.  It was shown without contradiction by the evidence that, in reliance on this guaranty, plaintiff allowed Sherman and his family to leave the hotel without attempting to enforce any claim on their baggage, and forebore any insistence on the payment by Sherman of his board bill. These facts are sufficient to show such detriment to the plaintiff, suffered by reason of the acceptance of the guaranty, as to constitute a consideration.

*2. Consideration.*

III.   It is contended that defendant's contract was to pay the amount named in the guaranty only "on publication

of the forthcoming special edition," and that the special edi-

3. Liability of guarantor: defenses. tion contemplated in the contract between defendant and Sherman, and referred to in this language, was never published. Whatever may be the legal effect of the language used, it is clear from the record that, as a matter of fact, the special edition issued on April 24th came within the description of the words of the contract. Its publication was perhaps postponed later than was contemplated, even at the time when the guaranty was made; but advertising matter procured by Sherman was used, and copies of that edition were delivered in accordance with contracts which Sherman had made. There is not the slightest doubt, under the record, that this was such special edition as plaintiff had reason to suppose was described in the language used. Plaintiff was not advised of the terms of the contract between defendant and Sherman, and was not bound thereby. The abandoning of the joint venture between defendant and Sherman did not relieve defendant from liability under the contract, if he did subsequently issue a special edition substantially corresponding to that contemplated when the guaranty was executed. Evidence was offered tending to show that the understanding on the part of the defendant was that the sum guaranteed to plaintiff was to be paid out of Sherman's share of the receipts from the joint venture, but it was not competent by parol evidence to thus charge the plain and unambiguous terms of the written contract. *Congower v. Equitable Mut. L. & E. Ass'n,* 94 Iowa, 499.

IV. Notice of acceptance of an absolute guaranty of an existing indebtedness is not necessary. The acceptance of the instrument is sufficient to make it binding, without fur-

4. Acceptance of guaranty; non-payment: notice. ther action on the part of plaintiff. *Carman v. Elledge,* 40 Iowa, 409; *Bankers' Iowa State Bank v. Mason Hand Lathe Co.,* 121 Iowa, 570. Notice of nonpayment of the indebtedness by Sherman was wholly unnecessary, as the contract was an absolute guaranty of payment of the sum named at a specified time.

1 Brandt on Suretyship (2d Ed.) section 199; *Hoyt v. Quint*, 105 Iowa, 443.

V.   Various assignments as to rulings on the admission of evidence are argued, but, as there was ample evidence which was unquestionably admissible to support the action of the court, and no evidence which was material, in the view which we have taken of the case, was excluded, it is not necessary to consider those assignments.

The judgment of the lower court is AFFIRMED.