GREEN BAY LUMBER COMPANY, Appellant, v. PETER FREDERICKSEN, Appellee.

**CONTRACTS:** Consideration—Voluntary Forbearance. A written agreement by the owner of premises to pay for materials furnished his independent contractor is nonenforcible when supported by no consideration except the *voluntary and unsolicited forbearance* of the materialman to file a mechanics' lien.

*Appeal from Audubon District Court.*—EARL PETERS, Judge.

JANUARY 15, 1924.

ACTION at law, to recover upon a written guaranty.   Trial to a jury, and verdict for the defendant.   Plaintiff appeals.— *Affirmed.*

*Swan, Clovis & Swan* and *S. C. Kerberg,* for appellant.

*Mantz & White,* for appellee.

PRESTON, J.—Plaintiff alleged that, in January, 1920, one Alcorn, contractor, was indebted to plaintiff in the sum of $1,840, for materials furnished for the construction of a residence for defendant; that the residence was not completed, and further materials were needed, and that plaintiff was then entitled to a mechanics' lien; that plaintiff refused to furnish additional materials unless the defendant would guarantee the payment of the amount then due from Alcorn, in the sum of $1,840; and that, in order to obtain additional materials and to prevent the filing of said mechanics' lien, defendant executed the following written guaranty:

"January 17th, 1920.   George R. Alcorn, contractor, being indebted to the Green Bay Lumber Co., in the sum of $1,840 for the materials used in the construction of the house of Peter Fredericksen, I, Peter Fredericksen, hereby obligate myself to the Green Bay Lumber Co., to guarantee the payment of said claim, also any additional materials that may be used in completing said house, said materials to be delivered by order to consent of myself.

"Peter Fredericksen."

Plaintiff further alleged that additional materials were furnished, and that the amount thereof was covered by the guaranty.   This was denied by appellee, he claiming that the amount named in the guaranty is the maximum amount which appellant could recover on both the original contract and any subsequent contract for additional materials.   But before plaintiff rested its case, it withdrew all claim for additional materials over and

above the amount stated in the writing, so that plaintiff's claim rested upon the written guaranty in the sum of $1,840.

Defendant denied generally, but admitted the execution of the writing; denied that there was any consideration for its execution; and denied that plaintiff agreed to forbear the filing of a mechanics' lien, at that or any other time.

It appears to be conceded that plaintiff was entitled to file a mechanics' lien, and that none was filed. Evidence for plaintiff tends to show that, before the execution of the written guaranty, its manager told defendant that, if they did not get the money, they would have to file a mechanics' lien; that they did not wish to do that. Defendant's evidence tends to show that he told appellant to file the lien. There was then some talk of a guaranty. Appellee contends that whether plaintiff was, in fact, about to file a lien was a matter in dispute, and was for the jury. It is contended by appellee that, under the record, appellant did not refuse to furnish any material for the completion of defendant's house, either as to the materials to be furnished under the original contract, or any additional materials necessary for its completion, or, at most, that that was a question for the jury. It is also contended by appellee that there was no agreement or understanding between appellant and defendant at the time of the signing of the guaranty, or at any prior time, to forbear the filing of a mechanics' lien, or that there had been a refusal on the part of appellant to furnish additional material, or a refusal by appellant to deliver any of the materials not on the job which was included in the original contract. Appellee also contends that, under the instructions of the court, the jury necessarily found that there had been no such agreement or understanding. That question was submitted to the jury, as bearing on the defense that there was no consideration.

1. Though two or three points are argued, appellant concentrates its attention on the proposition that the court erred in giving Instruction No. 4, the contention being that an express agreement on the part of plaintiff to forbear the filing of a mechanics' lien is not necessary, in order to constitute a consideration for the guaranty, if, in fact, plaintiff did forbear to file its lien; and further, that forbearance on the part of plaintiff

to file a mechanics' lien worked a detriment to it, and would constitute a consideration for the making of the guaranty. We understand appellee to concede the last point, provided there was an agreement to forbear; or if defendant had requested plaintiff to forbear filing the lien, and the plaintiff on such request does, in fact, afterward forbear, that would be a sufficient consideration. Appellee contends that, since the right to file the lien would not expire until May following the execution of the written guaranty, there was nothing to prevent plaintiff from filing the lien after the guaranty and before May, unless there was an agreement not to file, and that the mere fact of forbearance alone, without any request by the defendant or promise by plaintiff to forbear, is not a sufficient consideration to support a contract of guaranty. This, it is conceded, is the principal point in the case.

It should have been stated that very little, if any, material, either under the original contract or outside of it, was delivered after the signing of the guaranty. This is practically conceded by appellant; for, in its motion for a directed verdict, it is stated that the evidence of defendant and the evidence introduced in the case conclusively show that substantially all the materials for the completion of the house were on the ground, ready to be used at the time the written guaranty was executed. Defendant gave no order for additional materials to complete the house.

Instruction No. 4 is, in substance, this: That ''consideration,'' as used in the instructions, means something of value, moving from one person to another, a benefit to the party promising, or a loss to the person to whom the promise is made; that, under the evidence, at the time defendant signed the guaranty, plaintiff was entitled to file a statement for a mechanics' lien, and if the jury should find that at that time there was an agreement or understanding between him and plaintiff that the plaintiff would not file a lien, or ''if you find that plaintiff had refused to furnish any more materials, and that, at the time defendant signed said writing, there was an agreement or understanding between him and the plaintiff that, if the defendant would sign said guaranty, the plaintiff would furnish the additional material called for by the original estimate, and that, if

it afterward did furnish such additional material, then, in either of said events, there was a consideration for the defendant's signing the written guaranty.'' We think this is, in substance, a correct statement of the law. True, the court did not specifically say that the agreement might be implied, in whole or in part, from the circumstances; but, if appellant had desired a more specific statement of the law in that respect, it should have asked for it. That particular point, however, is not made in the errors assigned, or in the brief points.

Concededly, it is essential to a valid contract of guaranty that it be based upon a sufficient legal consideration. A mere naked promise to pay the existing debt of another, without any consideration for such promise, is not sufficient. It is thought by appellant that the writing itself purported a consideration, and that it was for the defendant to show want of consideration by way of defense. Code Section 3069; *McKee v. Needles,* 123 Iowa 195. It may be true that, in the first instance, and without anything else, the writing would import a consideration. We think it is a sufficient answer to this to say that the defendant, as shown, pleaded a want of consideration, and the trial court, by Instruction No. 5, placed the burden of proof upon the defendant to so show. There was a conflict in the evidence for the determination of the jury as to whether there was an agreement, either express or implied, that plaintiff would forbear filing its lien. Appellant relies on *McKee v. Needles,* supra, to sustain its position that no agreement on the part of plaintiff to forbear was necessary, to constitute a consideration, if it did, in fact, forbear to file its lien, relying upon the writing. The instant case may be distinguished, for the reason that the evidence showed, in the *McKee* case, that there was reliance upon the guaranty. Such is not the case here. There is this further distinction, also: that the *McKee* case involved an innkeeper's lien, and that lien is dependent upon possession of the property by the landlord. Removal from the possession of the hotel proprietor would have caused him thereby to lose his lien. As said, we think that the instruction stating that, under the circumstances of this case, an agreement was necessary, is correct. The plaintiff still had the right to file its lien, notwithstanding the guaranty. Nothing in the guaranty pro-

hibits it.   The failure to file the lien may have been through neglect or oversight, although that does not appear.   It is only mentioned as illustrating the thought that mere failure to file the lien is not forbearance.   We think the case is ruled by *Queal & Co. v. Peterson,* 138 Iowa 514.   In that case, there was a directed verdict because there was no evidence to show an agreement.   In *Zimbelman & Otis v. Finnegan,* 141 Iowa 358, 365, it was held that the agreement might, in a proper case, be implied from the circumstances.   See, also, 28 Corpus Juris 923, where it is said that, as a general rule, mere extension of time of payment or forbearance to sue, without any request or agreement to that effect on the part of the creditor, is not a sufficient consideration for a guaranty of the debt; but that, where the guarantor requests the creditor to forbear, and the creditor, on such request, does, in fact, afterward forbear to sue, there is a good consideration.   We have shown that, when plaintiff's manager stated that he would have to file the lien, the defendant told him to do so.   This was not a request to forbear.   We said, in the *Queal* case:

"If the creditor does in fact forbear from suing at the request of another, there is a good consideration for the guaranty of the indebtedness in connection with such request.   But the mere fact of forbearance is not sufficient evidence from which a promise to forbear may be presumed, in the absence of any circumstances from which such agreement may be inferred. * * * As the defendant did not request plaintiffs to forbear suit on the Nielson note, and plaintiffs did not agree to do so, the fact of forbearance does not indicate that it was in pursuance of a promise to forbear, nor does the forbearance itself imply a request.   Had plaintiffs brought suit against Nielson immediately after the execution of defendant's obligation, Nielson could not have defended on the ground that there was an agreement of extension.   Therefore plaintiffs, having remained without interruption entitled to all the rights which they had against Nielson, suffered no detriment in consequence of the guaranty given by defendant, and, on the other hand, neither Nielson nor defendant received any benefit in consequence of defendant's promise.   It is clear that under such circumstances defendant's promise to pay Nielson's debt was without consideration."

2. It is thought that counsel for defendant was guilty of misconduct in argument to the jury. The statement now objected to is that the attorney stated that it was a proper inference from the record that defendant had paid Alcorn his lumber bill, because the plaintiff could serve a notice on defendant to retain the amount of plaintiff's bill, and then, if defendant did not do so, he would have to pay again; and because plaintiff did not ask defendant or Alcorn, as witnesses, whether it had been paid.

The evidence does not, in fact, show whether or not it had been paid. Although the deduction made by the attorney may not have been correct, it may not be said to be unwarranted,— at least not prejudicial. *State v. Tippet,* 94 Iowa 646, 653, 654. No exceptions were taken to the argument at the time. The objection was first made on motion for new trial. It is stipulated that, when the statement was made, the trial court was not in the room, and did not hear the argument or objection, and made no ruling. Plaintiff had the right to ask that the judge be sent for and rule on the objection. In that case, the court might have restrained counsel for defendant, if they were overzealous, and thus prevented the prejudice which is afterwards claimed to have resulted. *State v. Sale,* 119 Iowa 1, 5. We are disposed to hold that the error, if any, was nonprejudicial, and that the case should not be reversed on this ground.

The judgment is—*Affirmed.*

ARTHUR, C. J., STEVENS and FAVILLE, JJ., concur.