## CARMAN v. ELLEDGE.

1. **Guaranty**: NOTICE OF ACCEPTANCE. A direct promise of guaranty requires no notice of acceptance; *aliter*, of an offer or proposition to guarantee.

2. ———: ———: RULE APPLIED. The following instrument, to-wit: "I, the undersigned, will sign the note with Gilbert Hampton, for the cow bought of the Wilkerson estate," duly signed, was *held* to be an absolute guaranty, binding upon the maker without notice of acceptance.

*Appeal from Fremont Circuit Court.*

MONDAY, APRIL 26.

ACTION upon an agreement in writing to sign a note; answer in denial. Trial to the court and judgment for plaintiff for the amount claimed. The defendant appeals.

*Stow & Hammond*, for appellant.

*W. G. Read* and *A. R. Anderson*, for appellee.

COLE, J.—The plaintiff, in his petition, alleges that as administrator he made a sale at auction of certain stock on February 10, 1870, and that by the terms of said sale time was given to purchasers who furnished approved security;

that Gilbert Hampton bought a cow at said sale and plaintiff refused to deliver her to the purchaser on his own credit alone; that Hampton gave his note, duly signed, as follows: "Feb. 10, 1870. One year after date, for value received, we promise to pay to L. Carman, or bearer, thirty dollars, with interest at ten per cent."; that the defendant wrote and signed to the plaintiff an order to let Hampton have the cow, as follows: "Mr. L. Carman: I, the undersigned, will sign the note with Gilbert Hampton for the cow bought of the Wilkerson estate. February 12, 1870"; that relying upon said promise plaintiff let Hampton have the cow; that afterwards the defendant refused to either sign or pay the note.

The appellant's counsel rely upon the proposition that his agreement is but a guarantee and that notice of acceptance of

1. GUARANTY: notice of acceptance.

it was necessary in order to bind him. It is not controverted, that in this case, no such notice was given before the maturity of the note. If it be conceded that the writing sued upon is but a guaranty, still we are of the opinion that it is such an absolute and complete guaranty as renders notice of its acceptance unnecessary. There is a well recognized distinction between an offer or proposition to guarantee and a direct promise of guarantee. The former requires notice of acceptance and acting upon it, while the latter does not. This distinction is illustrated in the case of *The Union Bank v. Carter's Ex'rs*, 3 N. Y., 203, where the guarantee was in these words: "I hereby guarantee the due acceptance and payment of any draft issued in pursuance of the above credit," and it was held that no notice of the acceptance of the guarantee was necessary. The language of the court in that case was that, "where the guarantee is absolute no notice of acceptance is necessary." See also the case of *Douglas v. Howland*, 24 Wend., 35, where the authorities are collected and reviewed by Cowen, J.; *Smith v. Dunn*, 6 Hill, 543; *Jones v. Williams*, 7 M. & W., 493; 1 Pars. on Contr., 478–9; 2 Ib., 13 and 14; *Reynolds v. Douglass*, 12 Peters, 498. In the light of these and other cases, there was no error in holding the defendant bound by his guaranty, without notice of its acceptance.

AFFIRMED.