## CASE & CO. v. HOWARD.

1. **Guaranty:** NOTICE OF ACCEPTANCE. A guaranty in the following form: "If D. A. Hills purchases a case of tobacco on credit, I agree to see the same paid for in four months," is an absolute one, requiring no notice of acceptance to bind the guarantor.

2. ———: ———. The acceptance of a note of the vendee by the vendor for the merchandise sold does not vary the terms of the guaranty or release the guarantor.

*Appeal from Jasper Circuit Court.*

MONDAY, OCTOBER 25.

THE plaintiffs allege that on the 21st of November, 1873, they sold one D. A. Hills, at Chicago, Illinois, a bill of goods amounting to $143.20, on the faith and credit of a certain writing executed by the defendant as follows: "Mr. D. A. Hills, the bearer, wishing to purchase 1 case of tobacco on credit, I hereby agree to see the same paid for in four months, should said purchase be made.   H. M. Howard."

Plaintiffs state that more than four months have elapsed and that the amount is unpaid, and they ask judgment therefor.

The answer admits the execution of the writing and alleges in substance the following facts:

1. That at the time of the purchase plaintiffs accepted of Hills, in settlement of the purchase of tobacco, his promissory note due in four months, and made Hills a bill of the goods marked "settled by note," and that Hills, on his return from Chicago, showed defendant the said bill as and for a settlement of the bill, without the use of the guaranty, or written paper sued on.

2. That on March 30th, 1874, the plaintiff for the first time informed this defendant that he made some claim on him, as a guarantor for Hills, by writing defendant that Hill's note for $143.20, had been returned protested for non-payment, which letter was received about April 1st to 5th, 1874.

3. That at the time defendant gave the guaranty sued on, the circumstances of Hills were such that defendant might

have secured himself if he had known credit had been extended upon his guaranty, and that Hills has now become insolvent.

4. That the guaranty is uncertain as to the person addressed, and the amount of credit, and defendant was never notified that any person had sold a case of tobacco thereon.

The plaintiff's demurrer to the answer was sustained, and the defendant electing to stand upon his answer, the court rendered judgment for the sum of $119.60. Defendant appeals.

*S. G. Smith*, with *Sidney Williams*, for appellant. ·

A guaranty for an uncertain amount must be followed by notice of acceptance to bind the guarantor. (*Kenckeloe v. Holmes*, 7 B. Monroe, 5; *Adams v. Jones*, 12 Pet., 213.) Notice is as strictly required as in the case of commercial paper, and should specify to what extent the offer of guaranty is accepted. (*Rosselge v. Baily*, 3 Conn., 438; *Slafford v. Law*, 16 Johns., 67; *Cremer v. Higginson*, 1 Mason, 324; *Howe v. Nickols*, 22 Me., 176; *Case & Co. v. Luce*, 28 Iowa, 528, *Farwell & Co. v. Sully*, 38 Iowa, 387.) .

*J. W. Wilson*, for appellee. ·

A guaranty in the nature of an original undertaking does not require notice of acceptance. (*Crittenden v. Steele*, 3 G. Greene, 538; *Whitney & Schuyler v. Groot*, 24 Wend., 84; *Smith v. Dunn*, 6 Hill, 543; *Carman v. Elledge*, 40 Iowa, 409.) Notice given four months after the sale was timely and sufficient. (*Reed v. Fish*, 59 Me., 358; *Maynard v. Morse*, 36 Vt., 617.) The guarantor cannot avail himself of the defense that no notice had been given unless the notice is so long delayed as to raise the presumption of waiver or payment. (1 Pars. on Con., 514.)

DAY, J.—I. It is claimed that the defendant cannot be held liable because of the failure of plaintiffs to give him
1. GUARANTY: notice that his guaranty was accepted. In *Carman*
notice of acceptance.   *v. Elledge*, 40 Iowa, 409, we held that where the guaranty is absolute notice of acceptance is not necessary. The guaranty in this case is absolute. The defendant said in

substance, "If D. A. Hills purchases a case of tobacco on credit, I agree to see the same paid for in four months." No condition is attached except that the sale should be made. The answer shows that when D. A. Hills returned from Chicago, he exhibited to defendant a bill, showing that he had purchased of plaintiffs a case of tobacco, on a credit of four months, and settled it by a note. /He knew then that the only condition upon which he had agreed to become liable had been performed, viz: that the case of tobacco had been purchased by Hills. ) Knowing this the principles of law and common honesty require that he should have inquired of the person whom he was willing to guaranty, and ascertained whether he had availed himself of the same. See *Smith v. Dann*, 6 Hill, 543; *Douglass v. Howland*, 24 Wendell, 35; *Union Bank v. Carter*, 3 Comst., 203.

II. The taking of the note of Hills, due in four months, does not affect the liability of the defendant. It does not extend the credit nor vary the terms of the guaranty. See *Smith v. Dann*, 6 Hill, 543. There is no error in the record.

AFFIRMED.