DEE v. DOWNS ET AL.

1. **Statute of Frauds: PROMISSORY NOTE: DEBT OF ANOTHER.** The statute of
   frauds will not exempt from liability one who has received a part
   of the consideration of a note, notwithstanding he was not a signer
   thereof.

*Appeal from Louisa Circuit Court.*

TUESDAY, MARCH 13.

THE petition alleges that on the 1st day of December,
1875, C. W. Downs, now deceased, and Charles Downs, exe-
cuted and delivered to Gertrude Bell their promissory note
for seven hundred and fifty-five dollars; that said note was
given for money loaned to said C. W. Downs, Charles Downs
and Isaiah Downs; that it was agreed and understood by and
between said Gertrude Bell and defendants last named that
all of said last-named defendants should join in a note to
her, and it was part of the consideration upon which said
money was loaned that Isaiah Downs should sign the note,
and before the loaning of said money he expressly promised
and agreed, for and in consideration of the money so loaned,
he would sign said note; that before they matured said note
and claim against Isaiah Downs were transferred in writing
to plaintiff; that he now holds them, and they are due and
unpaid. Judgment is asked against C. W. Downs, Charles
Downs and Isaiah Downs for the amount so loaned.

The defendant Isaiah Downs, for answer, "denies that he
is in any manner indebted on the note or contract copied in
plaintiff's petition, or that he ever undertook, promised or
agreed to pay said sum of money, or any part thereof; and
denies that he is in any manner liable on said note or con-
tract. *Second.* Defendant says that, by plaintiff's own show-
ing to further have and maintain his action against defend-
ant, he ought not, because, as appears by plaintiff's own show-
ing, he seeks to recover of defendant upon a verbal promise to

answer for the debt of another. Wherefore he prays judgment for costs." The cause was tried by the court, and judgment was rendered against the defendants C. W. Downs and Charles Downs, and in favor of the defendant Isaiah Downs.

The plaintiff appeals.

*Power & Antrobus*, for appellant.

*J. & S. K. Tracy* and *D. C. Cloud*, for appellees.

DAY, J.—The plaintiff introduced as a witness William Bell, who testifies that he concluded the negotiations for the loaning of the money in question as the agent of the lender. This witness was asked the following questions: "What was said in relation to the loaning of the amount of money that note called for, by whom was it said, and to whom was this money loaned? State whether or not the seven hundred and fifty-five dollars, that is called for by this note, was loaned to C. W. Downs, C. Downs and Isaiah Downs? State whether or not, at the time this money was loaned, it was upon the promise of Isaiah Downs that he would become responsible for its payment, and whether the money was loaned because of that promise? State whether or not the money would have been loaned except for that promise?" To each of these interrogatories the defendant objected that it is irrelevant, incompetent and immaterial. The objections were sustained, and the plaintiff excepted. The petition alleges that the money for which the note was given was loaned to C. W. Downs, Charles Downs and Isaiah Downs. The questions objected to and excluded sought to elicit testimony to establish this allegation of the petition. If the money was in fact loaned to Isaiah Downs he would have been liable to repay the same if no note had been executed.

The fact that C. W. Downs and Charles Downs executed a note for the sum loaned would not exonerate Isaiah Downs from liability, unless the note was taken under such circum-

*1. STATUTE of frauds: promissory note: debt of another.*

stances as to show that credit was extended to C. W. Downs and Charles Downs alone. Suppose that the money was in fact loaned to the three parties named in the petition, and that after the money was delivered to one of the parties Isaiah Downs refused to execute the note. He could not, we think, by such refusal escape liability. In *Van Riper v. Baker et al.*, 44 Iowa, 450, Baker purchased a threshing machine from Van Riper, and executed a note therefor, upon which one Schone was to become surety. Schone agreed to sign the note the next morning, and upon the faith of that promise the machine was delivered. Schone failed to sign the note as he agreed. It was held that he was liable as a surety, and that the promise was not within, nor affected by, the statute of frauds. That case is applicable in principle to this. The court should have allowed the plaintiff to prove that the loan was made in fact to Isaiah Downs, as well as to the other defendants, as alleged in the petition. It is to be observed that the answer does not in terms deny that the loan was made in part to Isaiah Downs. It denies that he is in any manner indebted, and that he undertook or agreed to pay the money, and seeks to avoid liability under the statute of frauds.

The court probably excluded the testimony offered on the ground that defendant could not be held liable unless he undertook in writing to pay the debt. This position is not tenable if the loan was made to the defendant Isaiah Downs, as well as to the other defendants. That it is not necessary that the name of Isaiah Downs should appear on the note in order to render him liable for the consideration advanced, see *Carman v. Elledge*, 40 Iowa, 409; *Van Riper v. Baker et al.*, 44 Id., 450.

REVERSED.