### 3882. KALMON v. SCARBORO et al.

1. Under the decision of this court in *Small Company* v. *Claxton*, 1 *Ga. App.* 83 (57 S. E. 977), following the decision of the Supreme Court in *Sims* v. *Clark*, 91 *Ga.* 302 (18 S. E. 158), the allegations of the petition are sufficient to withstand the general demurrer, and the dismissal of the petition on demurrer was therefore error.

2. Even if it could be inferred from the petition that the contract of purchase originally created an indebtedness on account, instead of by note as one of the original terms of the sale, still a guarantor is not, as a matter of law, released by reason of the mere fact that an account which he guaranteed has been reduced to a note, when it appears the account was for goods furnished "in pursuance of the contract of guaranty," and when it appears that the note represents the same amount and stands in lieu of the account. It is plain, from the allegations of the petition, that the action is based upon the guaranty, and not upon the notes; and the statements in regard to the notes may be treated as a recital of the history of the case.

3. The liability of the guarantors in the present case depends upon the failure of the original debtor to pay the debt at maturity. It is not necessary that the creditor should obtain a judgment against the original debtor before suit against a guarantor.

4. It does not appear from the allegations of the petition that the guarantors' risk was increased or their liability enlarged. The execution of the notes merely evidenced in writing an admission, on the part of the principal debtor, of an indebtedness to the plaintiff which (according to other allegations of the petition) was the subject of the guaranty; and although the note contained a stipulation for attorney's fees and for interest at the rate of eight per cent. (instead of seven per cent., which the account would have drawn), still the petition did not ask for a recovery of attorney's fees, or for interest at the higher rate.

DECIDED SEPTEMBER 27, 1912.

Action on guaranty; from city court of Tifton—Judge R. Eve. November 7, 1911.

*C. W. Fulwood,* for plaintiff.

*L. P. Skeen, J. J. Murray, J. M. Kent,* for defendant.

RUSSELL, J. Kalmon filed a suit in which it was alleged that Frank Scarboro, W. L. Yeomans, and J. M. Kent entered into a contract with him whereby they became guarantors of the account of J. M. Kent Company. He attached to the petition a copy of the contract, and alleged that in pursuance of the contract he sold J. M. Kent Company goods and merchandise, whereby that company became indebted to him in the sum of $300, with interest; that this indebtedness is evidenced by two promissory notes, for $150 each,—one due April 15, 1910, and the other May 15, 1910; that these notes are due and unpaid; that the Kent Company has

failed and refused to pay them, and that this corporation is insolvent and unable to respond to a judgment for the amount of the debt, and has ceased to do business. On demurrer the judge dismissed the petition, and this judgment is the ground of the bill of exceptions.

The defendants Yeomans and Scarboro filed separate demurrers. Each demurred generally, and Scarboro demurred upon the ground that the petition failed to show that the plaintiff had liquidated his demand against the J. M. Kent Company by a suit to judgment; insisting that there can be no liability upon the guaranty until the plaintiff has obtained judgment against J. M. Kent Company or joined J. M. Kent Company as a defendant in the suit. The demurrer of Yeomans, in addition to urging that the petition set forth no cause of action, objected to it as being duplicitous. Yeomans demurred also upon the ground that it is impossible to determine judicially whether the plaintiff bases his action upon the alleged contract of guaranty, or whether it is the notes attached to the petition that are sued upon; also upon the ground that no recovery can be had except upon the notes, which are made a part of the petition, and that it does not appear that the defendants Yeomans and Scarboro in any way obligated themselves for the payment of these notes. A further special demurrer set up the contention that the liability of the defendants rests solely upon the following stipulation of the contract of guaranty: "We do hereby guarantee to the said E. H. Kalmon the payment at maturity, in accordance with the terms of sale, of the price and value of all goods, wares, and merchandise sold by them to the said J. M. Kent Company;" and it is insisted that the petition fails to show what goods (or whether any) were ever sold to the J. M. Kent Company, or the price and value of such goods, or when they were sold, or the terms of sale, or the maturity of the debt.

The question of first importance raised by the demurrers is whether the suit is an action on the contract of guaranty, or on the promissory notes executed by the original debtor. If the petition can be construed as a suit upon the notes, its dismissal upon the demurrer was proper. If, upon the other hand, the recovery is sought upon the liability imposed by the contract of guaranty, the action should not have been dismissed, and, for the purpose of another trial, we should next inquire into the merits of the special

demurrers. We hold that the petition sets forth a good cause of action. We construed it to be a suit on the contract of guaranty, to recover $300 of a possible liability for $1,000 (which was assumed by the guarantors), with interest upon the $300 at the rate of seven per cent. Without any relaxation of the rule which requires pleadings to be most strongly construed against the pleader, it is apparent that the plaintiff relies entirely upon the contract, because he sets out the contract and pleads it. He alleges that the goods which he sold were sold in pursuance of the contract, and that the indebtedness of the J. M. Kent Company depended upon this, and he asks for no more than the value of the goods, with lawful interest. It is true that he says the amount which the Kent Company owes him, and which he alleges the defendants are due to. pay him by reason of the terms of their contract of guaranty, is evidenced by two promissory notes, and that these are attached to the petition; but he does not seek to recover according to the stipulations of the promissory notes; for he does not ask a judgment for interest at the rate of eight per cent. per annum, nor any recovery of the attorney's fees provided for in the notes. The main point is that he alleges that the liability of the defendants to him depends upon the fact that the goods were sold to the J. M. Kent Company in pursuance of the contract. It is well settled that the liability of a guarantor is distinct from that of the original debtor. There is no liability on the part of the guarantor until the original debtor fails to pay. It is equally well settled that any change of the contract without the consent of the guarantor relieves him, and also that any act that is done by the party guaranteed which will increase his risk will likewise void the contract of guaranty. According to the allegations of the petition, reasonably construed, the plaintiff sold to the principal debtor, J. M. Kent Company, $300 worth of goods, and the debt is evidenced by $300 worth of notes. It is not alleged that the goods were sold upon an account. It is possible that they were sold in exchange for the principal debtor's notes,—possibly at the dates fixed for the maturity of each. So far as appears from the petition, this may have been the course of the matter, for the contract of guaranty places no restriction upon the terms of sale which might be agreed upon between Kalmon and the Kent Company. If we should assume that the goods were sold on account, and that, in order to

avoid misunderstanding and to liquidate the account, the Kent Company gave its notes, would this be any change of the contract of guaranty under which the guarantors undertook to guarantee to the said E. H. Kalmon the payment at maturity, in accordance with the terms of sale, of the price and value of all goods sold to the Kent Company, from time to time, on and after September 22, 1909, until Kalmon should be given ten days' written notice of the withdrawal of the guaranty? There is nothing on the face of the petition to show that the notes were the result of any extension of time to the Kent Company of an overdue demand; and so we are not required to hold whether this would be a novation of the contract, such as would release the guarantors, or such an act as, by increasing the liability of the guarantors, would relieve them. So far as appears from the petition, Kalmon preferred for his sales to the Kent Company to be evidenced by notes (which are admissions of indebtedness), rather than by accounts, which are subject to dispute. However, we incline to the opinion that the mere fact of taking the notes in lieu of open accounts, the payment of which has been guaranteed, would not in any way change the relation of the parties or subject the guarantors of the account, under the contract involved in this case, to any greater liability. The contract bespoke a continuing guaranty, until the guarantors should notify Kalmon to sell to the Kent Company no further. It extended a continuing credit of $1,000 to the Kent Company. The Civil Code (1910), § 3543, declares that "a change of the nature or terms of a contract is called a novation; such novation, without the consent of the surety, discharges him." The sense of the contract entered into by the guarantors in this case is that they assume liability up to $1,000 for whatever goods Kalmon might sell to the Kent Company until such time as the guaranty might be withdrawn. How can the nature of this contract be affected, or its terms exceeded, by mere failure to collect promptly, or failure to collect at all? When the Kent Company fails to pay, the guarantors become liable, says this contract of guaranty. True it is that "the undertaking of a surety is stricti juris, and he can not be bound further than the very terms of the contract, and if the principal and the obligee change the terms of the contract without his consent, the surety is discharged" (Bethune v. Dozier, 10 Ga. 235), but what are the terms of the present contract? There is

no stipulation as to the terms of payment which Kalmon shall impose on the Kent Company; no provision that he shall not, by deed or mortgage, take security for its payment; no requirement that he shall not take from the Kent Company an admission of its indebtedness. The contract does not speak of any of these things; and therefore it can not be said that its terms are varied because Kalmon's debt is represented by notes instead of an account. The terms of the contract of guaranty in the instant case are that Kalmon shall not, on the faith of the guaranty, sell to the Kent Company such an amount of goods as will cause their indebtedness to Kalmon, at any one time, to exceed $1,000. This is manifest from the language used,—"our liability shall not at any time exceed $1,000." The guarantors reserved in the contract the right to withdraw their guaranty upon ten days' notice, and they waived notice of non-payment on the part of Kalmon. They guaranteed that the Kent Company would pay at maturity in accordance with the terms of sale. To our minds the waiver of the notice of non-payment implies an understanding and agreement on the part of the guarantors that Kalmon was not required to promptly enforce the payment at its maturity of any demand he might have against the Kent Company for goods sold it in pursuance of the guaranty; and this view is strengthened by the stipulation of the contract to the effect that the liability of the guarantors shall not at any time exceed $1,000.

Construing the contract as a whole, there is no term or provision of the instrument which, in our opinion, would have forbidden Kalmon, if the Kent Company owed him less than $1,000, to take a note for the pre-existing account, and certainly this mode of procedure would not have subjected the guarantors to any additional risk upon their contract of guaranty.

Coming to the special demurrers: It is plain that the suit was upon the contract of guaranty, because the petition asks only for the $300 alleged to be the value of the goods sold (as evidenced by the notes), with interest. If the suit had been proceeding upon the notes, the plaintiff would have been entitled to judgment for eight per cent. interest, and in the event of the non-payment of the notes, after service of the ten days' notice, would have been entitled to attorney's fees. The disclaimer of the higher rate of interest and the avoidance of any reference to attorney's fees are of

themselves sufficient to indicate that the plaintiff elected to pursue his action upon the contract of guaranty; and this point is strengthened by the reference to the contract. It is plain that the notes are referred to as part of the history of the case; and they can properly be referred to as admissions on the part of the original obligee of his indebtedness for the sum which the plaintiff is seeking to recover from the guarantors upon their collateral liability.

The contention set up by demurrer, as to failure to show that the plaintiff had obtained a judgment against the Kent Company, is without merit. See *Sims* v. *Clark*, 91 *Ga.* 302 (18 S. E. 158). The plaintiff is not required to reduce to judgment his claim against the principal debtor, if the contract of guaranty guarantees payment of the debt at maturity; and unless the principal debtor participates in the execution of the contract of guaranty, he will not, of course, be a proper party to a suit in which the instrument is the basis of the action.

In view of our opinion as to the nature of the action, the court erred in sustaining the general demurrer; and, for the reasons stated, the special demurrers should be overruled.

*Judgment reversed.*