### 4825. SCARBORO *v.* KALMON.

The decision of this court in this case at a previous term is controlling upon all the questions now involved, and the court did not err in rendering judgment against the defendant.

DECIDED JUNE 25, 1913.

Action on guaranty; from city court of Tifton—Judge R. Eve January 24, 1913.

*L. P. Skeen,* for plaintiff in error. *C. W. Fulwood,* contra.

POTTLE, J. This was an action on a contract of guaranty. The facts as set forth in the petition are fully stated in the opinion of this court in *Kalmon* v. *Scarboro,* 11 *Ga. App.* 547 (75 S. E. 846), when the case was here on demurrer to the petition. The principles then decided control the case. The fact that one of the guarantors did not consent to the execution of the promissory notes by the debtor was immaterial, as was also the fact of the execution of the notes themselves. The contract of the guarantors was to pay if the debtor failed to pay at maturity. The creditor is not attempting to enforce the notes, or to enlarge the liability of the guarantors or to increase their risk. The notes were merely a form of security for the payment of the account, and really operated to the benefit of the guarantors, rather than otherwise. The notes contained a waiver of homestead; and if the guarantors pay

the debt and take a transfer of the notes, they will be in a better position to enforce their claim against the original debtor than if they held simply an assigned open account. We can not see how the execution of the notes by the debtor operated to discharge the guarantors. See Case *v.* Howard, 41 Iowa, 479; Smith *v.* Dann, 6 Hill (N. Y.), 543. *Judgment affirmed.*