29430. BOWERS *et al. v.* ATLANTA CONSTITUTION PUBLISHING COMPANY.

Decided July 16, 1942. Rehearing denied July 28, 1942.

*Joseph B. McGinty, Peyton S. Hawes,* for plaintiff in error.
*Thomas B. Walton Jr.,* contra.

Stephens, P. J. This is a suit against W. M. Bowers, W. R. Echols, and E. C. Thurston, to recover on a contract of guaranty by which they guaranteed to pay the Constitution Publishing Company for any papers which the company might furnish William Thurston, a newsboy, who, it was contemplated would receive papers from the Constitution Publishing Company and sell them

to subscribers. The plaintiff alleged generally that the papers were furnished to Thurston, and that the latter had not paid therefor and was indebted to the plaintiff in an aggregate amount, to wit, $122. It was also alleged that this indebtedness was represented by promissory notes which Thurston had made to the plaintiff, copies of which were attached to the petition. It does not appear from the petition when and at what times papers were furnished by the plaintiff to Thurston.

The defendants demurred to the petition on the ground that it failed to set out a bill of particulars showing the items represented by the copies of the newspapers furnished to Thurston. The court overruled the demurrer and the defendants excepted. Does the petition set out with sufficient particularity the cause of action sued on? The only statutory mandatory requirement for a bill of particulars is contained in Code § 81-105, where it is provided that in suits on open account the defendant may, as a matter of right, demand a bill of particulars. The suit here is not on open account but on the contract of guaranty by which the defendants agreed to pay what amounted to an open account of Thurston. Had the papers been furnished to Thurston in one transaction, which is not the case here as appears from the petition, and had Thurston given a note therefor evidencing the indebtedness, the guarantors would not be entitled, as was held in *Kalmon* v. *Scarboro,* 11 *Ga. App.* 547 (75 S. E. 846), to a bill of particulars or a statement of the items furnished.

It appears from the petition that the plaintiff furnished Thurston various copies of its newspaper from day to day, and the suit is to recover of the guarantors on an indebtedness by which Thurston was due to pay the plaintiff for papers to be furnished him in various numbers from day to day. The guarantors, before being called on by the plaintiff to pay for various copies of newspapers furnished Thurston from day to day, were entitled to an itemized statement of the papers furnished. In a suit by the Constitution Publishing Company against Thurston on open account to recover for the papers furnished him Thurston would be entitled to such an itemized statement. It would therefore seem that in a suit against the guarantors by the publishing company to recover of them for papers furnished Thurston, the guarantors would be entitled to the same detailed information to which Thurston would

be entitled. This is true notwithstanding the suit against the guarantors is not on an open account but is on their contract of guaranty by which they agreed to pay the indebtedness of Thurston which arose on open account. The court erred in overruling the special demurrer of Bowers and Echols in which the petition was demurred to as failing to set out in particular the items representing the newspaper furnished Thurston.

■ The execution by Thurston to the publishing company of notes representing the indebtedness due by him for newspapers furnished him did not constitute a novation of the contract sued on or of the contract with Thurston, and in no way affected or increased the risk of the guarantors. See *Kalmon* v. *Scarboro*, supra. The court therefore did not err in striking paragraph 7 of the plea which set up that the taking by the plaintiff of the notes from Thurston resulted in a material alteration of the original contract without the knowledge or consent of the defendants, constituted a novation, and released the defendants from liability.

■ The suit was against the three guarantors. The court, after having overruled the special demurrer to the petition, and after having sustained the demurrer of the plaintiff to paragraph 7 of the answer, and after hearing evidence, directed a verdict for the plaintiff in the full amount sued for as against Bowers and Echols, and granted a nonsuit as to Thurston. All three of these defendants are plaintiffs in error. The only final judgment complained of is the direction of a verdict against only Bowers and Echols. Of this final judgment, which does not affect Thurston, the latter has no right to complain. The final judgment which affects him is the one in his favor—the granting of a nonsuit as to him.

The judgment is reversed as to Bowers and Echols, but as to E. C. Thurston the writ of error is dismissed.

*Judgment reversed as to W. M. Bowers and W. R. Echols. Felton, J., concurs. Sutton, J., dissents. Writ of error dismissed as to E. C. Thurston. Sutton and Felton, JJ., concur.*

SUTTON, J., dissenting. This was a suit by the Constitution Publishing Company against W. M. Bowers, W. R. Echols, and E. C. Thurston on a contract of guaranty, dated January 3, 1939. The petition alleged that the defendants guaranteed to the plaintiff payment of any and all amounts owing by William Thurston for copies of the Atlanta Constitution furnished to him by the plain-

tiff; that in pursuance of the contract of guaranty copies of the Atlanta Constitution were furnished to William Thurston, for which he became indebted to the plaintiff in the sum of $122, which indebtedness was evidenced by seventeen promissory notes executed by William Thurston to the plaintiff on September 13, 1940. Demand and failure to pay were alleged. Copies of the contract and notes were attached to the petition. The contract sued on provided: "You are hereby authorized to furnish William Thurston of Elberton, Georgia, with copies of the Atlanta Constitution on his order at the regular wholesale rates fixed by you, and in consideration of your doing so we, the undersigned, hereby guarantee the prompt payment of all bills for such papers. . . We will give you four weeks' notice in writing if we at any time elect to terminate this contract. Any further notice is hereby waived of the acceptance of this agreement or the furnishing of the Constitution upon the strength hereof or of any failure in the prompt payment of his bills for papers furnished hereunder on the part of said William Thurston." The defendants demurred specially to the petition on the ground that a bill of particulars of the account against William Thurston for copies of the Atlanta Constitution was not set out in the petition. The trial court overruled the demurrer, and the exception here is to that judgment.

I dissent from the decision of the majority of the court which holds that the petition was subject to the special demurrer, in that an itemized statement of account of papers furnished by the plaintiff to its agent Thurston should have been attached to the petition. The suit was on the guaranty contract, not on an account. This contract obligated the defendants for the payment of all bills for papers furnished by the plaintiff to its agent Thurston, and the defendants waived notice of any failure by him to promptly pay his bills for papers furnished by virtue of the contract. In other words, the defendants were liable to the plaintiff under the contract for the indebtedness of Thurston for papers furnished to him by the plaintiff, and he had executed notes to the plaintiff for such indebtedness and copies of the notes were attached to the plaintiff's petition. The notes took the place of an itemized statement and evidenced the indebtedness of Thurston to the plaintiff for the papers furnished to him. They represented the indebtedness that the guaranty contract obligated the defendants to pay. Thurston.

by executing these notes, agreed and admitted that they represented the indebtedness due by him to the plaintiff for papers furnished to him. And I am of the opinion that the plaintiff's suit on the guaranty contract against the defendants, where copies of the notes were attached, was not subject to the special demurrer on the ground that a bill of particulars of the account was not set out in the petition. It is argued in the opinion of the majority of the court that, in a suit by the Constitution Publishing Company against William Thurston to recover for the papers furnished, Thurston would be entitled to an itemized account, and consequently the guarantors in the present suit would be entitled to the same detailed information. I do not agree with this assumption or conclusion. Under the facts as disclosed by the record, if the suit were against Thurston on the indebtedness as evidenced by the notes, copies of which were attached to the petition, he would not be entitled to have an itemized statement of account attached to the petition. The same situation is presented in this case, and, in my opinion, where the notes were attached to the suit on the contract, the defendants can not by demurrer require an itemized statement of account to be attached to the petition.

The guaranty contract obligated the defendants to pay the indebtedness of Thurston to the Constitution Publishing Company for papers furnished to him, and there is nothing in the contract that restricts the rights of the principal debtor and the plaintiff from agreeing on the amount of said indebtedness and for the former to execute to the latter his promissory notes therefor. The case of *Kalmon* v. *Scarboro*, 11 *Ga. App.* 547 (75 S. E. 846), is authority supporting my view in the present case. There the defendants were sued on a guaranty contract, and notes representing the indebtedness guaranteed were attached to the petition instead of an itemized statement of account of the goods furnished to the principal debtor, and it was held that the petition was not subject to demurrer. One of the special demurrers in that case was that the petition failed to show what goods were ever sold to the J. M. Kent Company, or the price and value of such goods, or when they were sold, or the terms of sale, or the maturity of the debt. This was the same point as raised by the special demurrer in the present case, that is, that no itemized statement of goods furnished was attached to the petition or set out therein. The contract of guaranty

in the *Kalmon* case was made on September 22, 1909, and the notes attached to the suit on that contract were executed on March 21, 1910.

For the reasons stated I am of the opinion that the trial court did not err in overruling the special demurrer to the petition in the present case and that its judgment should be affirmed.