39124.   WRIGHT v. LANSDALE CLOTHES, INC.

Decided November 21, 1961—Rehearing denied
December 14, 1961.

144

R. F. Duncan, for plaintiff in error.

John L. Westmoreland, John L. Westmoreland, Jr., contra.

FELTON, Chief Judge. The defendant Wright stipulated a prima facie case as to the charges against Sterling Manufacturing Co., Inc., set forth in the exhibits to the petition and assumed the burden of going forward with the evidence to show payments to extinguish or partially extinguish the amount of the debt sued upon. Upon cross-examination of the plaintiff's witnesses it was shown that various items for which the Sterling Manufacturing Co., Inc., was entitled to credits were not shown as credits on the bill of particulars attached to the petition. The plaintiff proved by its witnesses that the credits which were not shown on such bill of particulars were credited on other items of indebtedness not included in the bill of particulars. Defend-

ant Wright objected to each and every particular of the testimony of the plaintiff's witnesses which showed a debit not listed in the bill of particulars on the ground that the witness was attempting, by oral testimony, to vary the bill of particulars and was showing a different account from the one shown in the bill of particulars, and on the further ground that the plaintiff was bound by its bill of particulars until it was amended and on the ground that the plaintiff could not offer evidence to vary the bill of particulars and show a different amount owed from that shown in the bill of particulars, and on the further ground that he was entitled to be apprised of a true bill of particulars because he had come into court prepared to defend the action on what the bill of particulars attached to the petition showed and not what the various witnesses testified was due. The objections to such testimony were made the subject of exceptions in 18 special grounds of the amended motion for a new trial, the 19th ground being that the court erred in directing the verdict because the evidence would have authorized the finding for a lesser sum than sued for.

We are of the opinion that the special grounds 1 through 18 of the amended motion for a new trial are meritorious. The guarantors of an open account, or similar indebtedness, are entitled to as full a bill of particulars as the Sterling Manufacturing Co., Inc. would have been entitled to. *Bowers v. Atlanta Constitution Publishing Co.*, 67 Ga. App. 715 (21 SE2d 717). A recovery on an account with a bill of particulars attached showing each item sued for can be had only for those items proved as alleged and set out in the bill of particulars. *Armour & Co. v. Bluthenthal & Bickart*, 9 Ga. App. 707 (72 SE 168). The proof of obligations of the Sterling Manufacturing Co., Inc. not set forth in the attached bill of particulars and against which credits were applied, which credits were not stated in the bill of particulars, in a case like this, stands on the same basis as the recovery of an item of indebtedness not listed in the bill of particulars. The obligations assumed by the guarantors in this case began in March of 1959, and ended in December of 1959. It must be remembered that this was not an action against the original debtor. While it is true that the defendant did not

prove any specific amount of credit due which would have entitled him to credits on the bill of particulars sued on, but only on the total obligations of Sterling Manufacturing Co., Inc., the burden of proof was on the plaintiff to prove the amount due on the whole obligation and the burden was not on the defendant to prove credits or payments on the account by the debtor, since no affirmative defense of credits and payments is required in this kind of case. We think that the defendant, in spite of his admission of a prima facie case as to the exhibits showing loans and advances, was entitled to the information as to all of the obligations incurred by Sterling Manufacturing Co., Inc., against which credits were sought to be applied, when the credits were not shown in the bill of particulars. It is true that the defendant stipulated that the plaintiff showed a prima facie case as to the obligations stated in the exhibit and that he had the burden of going forward with the evidence to show that the obligations were discharged by payments in whole or in part. After this stipulation, when the defendant brought out by evidence that credits were due the principal defendant which were not listed in the bill of particulars, since the defendant did not have the burden of proving an affirmative defense but only the burden of proceeding with the evidence, the proof of unlisted credits applicable to the whole indebtedness of Sterling Manufacturing Co., Inc. cast the burden back upon the plaintiff to offset the evidence of the unlisted credits. Since this was sought to be accomplished by the plaintiff by proving additional obligations of Sterling Manufacturing Co., Inc. which were not listed in the bill of particulars without an amendment to the bill of particulars setting forth the additional obligations, the evidence of the additional obligations was improperly admitted. Cases cited by movant are distinguishable in that in them there were affirmative defenses putting the whole burden of proof on the defendants. In this case, upon proof of unlisted credits due, the burden of proof was not on the defendant to negative the existence of additional obligations to offset the credits. The proper office of a bill of particulars is to inform the opposite party and the court of the precise nature and character of the cause of action and to guide the adversary in his preparation in

trial and reasonably protect him against surprise at trial. 41 Am. Jur. 478, Pleading, § 268; Annot. 8 ALR 550 and subsequent cases decided on the point, ALR Bluebook (no additional annotations having been published.) We think that if in this case the plaintiff had amended its bill of particulars to show the obligations not listed as being offset by the credits not listed, the defendant would have been entitled to a continuance of the case by reason of surprise and no obligation rested on the defendant to anticipate such an amendment. Before concluding this opinion we think it should be emphasized that the period covered by the guaranty agreement sued on was from March through December, 1959, and that the first debit on the bill of particulars sued on is a loan on March 19, 1959, of $5,000 and that the next debit is October 22, 1959. Since the time covered by the guaranty was from March through December and the first debit was in March, all of the other debits and credits from March 19, 1959, through December, 1959, should have been included in the bill of particulars under the circumstances set forth above. We think the court erred in overruling the motion for a new trial on special grounds 1 through 18 and it is not necessary to decide the question raised by the 19th special ground.

The court erred in overruling the defendant's motion for a new trial.

*Judgment reversed. Bell and Hall, JJ., concur.*