## 61372. CRUTCHFIELD v. TRUST COMPANY BANK.

DEEN, Presiding Judge.

1. (a) Appellant Crutchfield entered into a guaranty contract with the appellee bank for payment of the liabilities and accounts receivable of Delta Carpets, Inc., Delta Finishers, Inc. and Delta Diversified, Inc., purchased by the bank which had been generated as a result of sales of yarn to these companies by Modern Textiles. The first two Delta companies mentioned were wholly owned subsidiaries of the third. The acceptance of the commodity and the amount of the debt are admitted. After failure to pay, the bank brought an action against the guarantors on the account, and thereafter moved for summary judgment, against which Crutchfield defended on the basis that the accounts comprising the debt arose subsequent to his leaving the Delta companies, and that the actions of the bank increasing the financial risks involved had the legal affect of discharging him under the provisions of Code § 103-202. While the argument is confusing, it seems to boil down to the fact that the last sales of yarn in point of time were made after Delta Finishers, Inc., the purchaser, had become insolvent, and after the defendant had severed his connection with the debtors, and that all of this increased his risk and consequently resulted in his discharge. We do not imagine this is the type of increase in risk referred to by Code § 103-202. The fact that the wholly owned subsidiary Delta Finishers, to which the later invoices were in part directed, became insolvent and its name continued to be used only as a trade name of its owner, Delta Diversified, Inc., in no way affects Crutchfield's status as a guarantor, since the guaranty contract included the accounts of all three companies.

(b) Although the guaranty contract recites a consideration of $1.00, plus the agreement of the bank to extend credit to and purchase the accounts receivable of the Delta corporations, all of which the bank did, appellant further urges a no-consideration defense because, after Crutchfield left the Delta group and after Delta Finishers, Inc., became insolvent, the parent corporation, Delta Diversified, using the Delta Finishers trade name, continued to purchase yarn the accounts receivable for which were factored to the bank. The no-consideration defense is, according to the appellant's brief based on the fact that Crutchfield, after he severed his connection with the Delta companies, "received no benefit or consideration from the extention of credit to Delta or any of Delta's companies or trade styles in 1978." The contract itself specifies that it covers all accounts receivable past or future, and is to continue until written notice of cancellation is received by the bank. No such notice

was given, and this defense is quite obviously without merit.

2. Although the trial court properly granted summary judgment to the plaintiff, we hesitate to decide as a matter of law that this appeal was entered for delay only. Accordingly, the motion for damages under Code § 6-1801 is denied.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED FEBRUARY 18, 1981.

*Don W. Johnson,* for appellant.
*John Watson, William K. Carmichael, James W. Penland, Wayne H. Lazarus,* for appellee.