68648. COLUMBIA NITROGEN CORPORATION v. MASON.
68649. MASON GIN & FERTILIZER COMPANY, INC. et al.
v. COLUMBIA NITROGEN CORPORATION.

BANKE, Presiding Judge.

This is a suit by Columbia Nitrogen Corporation to recover the balance due on a promissory note executed by Mason Gin & Fertilizer Company, Inc. (Mason Gin), as well as to recover on a guaranty agreement executed by two of Mason Gin's principals, Robert E. Mason and Charles L. Mason, Jr. The trial court granted Columbia Nitrogen's motion for summary judgment as to the claims against Mason Gin and Charles L. Mason, Jr.; however, it declined to grant summary judgment against Robert Mason and instead entered summary judgment in his favor. Columbia Nitrogen appeals and Charles L. Mason, Jr., cross-appeals.

The following facts are undisputed. On May 16, 1978, the Masons executed a "continuing and unconditional guarantee" in favor of Columbia Nitrogen for the purpose of inducing that company to sell fer-

tilizer to Mason Gin on credit. Columbia Nitrogen thereafter made such credit sales until October 2, 1980, when Robert Mason informed the company by letter that he had ceased to be actively associated with Mason Gin. At that time, Mason Gin was indebted to Columbia Nitrogen on the account for approximately $180,000. Upon receipt of the letter, Columbia ceased selling to Mason Gin on credit and began selling to it strictly on a cash basis.

On July 14, 1981, Mason Gin, by its president, Charles L. Mason, Jr., executed a promissory note to Columbia Nitrogen in the principal amount of $190,000, to be repaid in four installments over a period of approximately four and a half years, with interest at 15 percent per annum. The principal amount of the note represented the balance of principal and accrued interest owing on the account for purchases which had been made through October 2, 1980. Mason Gin subsequently defaulted on the note, thus prompting Columbia Nitrogen to initiate this suit. The issue presented in this appeal is whether the substitution of the note for the original account indebtedness resulted in the discharge of the guarantors from liability under the guaranty agreement. *Held*:

1. "Any change in the nature or terms of a contract is called a 'novation'; such novation, without the consent of the surety discharges him." OCGA § 10-7-21. Additionally, "[a]ny act of the creditor, either before or after judgment against the principal, which injures the surety or increases his risk or exposes him to greater liability shall discharge him . . ." OCGA § 10-7-22. However, it has been held that the mere execution by an account debtor of a promissory note evidencing the indebtedness due on the account does not constitute a novation of the original obligation and does not otherwise operate to discharge a guarantor of the account indebtedness from liability. *Bowers v. Atlanta Constitution Pub. Co.*, 67 Ga. App. 715 (2) (21 SE2d 717) (1942).

The Masons contend that the holding in *Bowers* is inapplicable in the present case because the note in question both extended the time for payment of the account indebtedness and increased the amount of the obligation. We disagree. A creditor's agreement to allow a delay in payment does not result in a novation of the contract or otherwise operate to discharge a guarantor. See *Sens v. Decatur Fed. Savings &c. Assn.*, 159 Ga. App. 767, 768 (285 SE2d 226) (1981). As for the assertion that the execution of the note resulted in an increase in the amount of the indebtedness, it is undisputed that the difference between the approximately $180,000 which was due on the account as of October 2, 1980, and the $190,000 face amount of the note reflected nothing more than the inclusion of interest which had accrued on the account. Compare *Upshaw v. First State Bank*, 244 Ga. 433 (260 SE2d 483) (1979) (wherein the note which was the sub-

ject of the guaranty agreement was superseded by a new note consolidating several other debts); *Gilbert v. Cobb Exchange Bank*, 140 Ga. App. 514 (231 SE2d 508) (1976) (wherein an additional $600 was added to principal upon renewal of the note). Furthermore, we do not consider that the mere inclusion in the note of a provision authorizing the recovery of attorney fees in the event of collection by an attorney resulted in any increase in risk to the sureties, so as to discharge them pursuant to OCGA § 10-7-22.

2. Cross-appellant Charles Mason, Jr., contends that the printed guaranty agreement document was itself materially and fraudulently altered after it was signed. However, it appears without dispute from the record that the alteration referred to consisted merely of the addition of language to the effect that upon the death of either of the guarantors, his heirs or estate would not be responsible for subsequent sales to Mason Gin. This language was added at the guarantors' request and was obviously intended for their benefit. The assertion that it constituted an attempt to defraud them, thus voiding the agreement pursuant to OCGA § 13-4-1, is clearly without merit.

3. For the reasons stated, we hold that the trial court was correct in granting summary judgment against Charles L. Mason, Jr., and Mason Gin & Fertilizer Company but erred in declining also to grant summary judgment against Robert Mason.

*Judgment reversed in Case No. 68648. Judgment affirmed in Case No. 68649. Pope and Benham, JJ., concur.*

DECIDED JULY 5, 1984 —
REHEARING DENIED JULY 17, 1984 —

O. Palmour Hollis, Richard E. Miley, for appellant (case no. 68648).

J. Edward Allen, E. R. Lambert, for appellee.

E. R. Lambert, for appellants (case no. 68649).

O. Palmour Hollis, Richard E. Miley, J. Edward Allen, for appellee.

### ON MOTION FOR REHEARING.

On motion for rehearing, appellee Robert L. Mason, Jr., insists that he can have no liability on the note because at the time the note was executed he had already acted to terminate his obligation as a guarantor with respect to any future transactions entered into by Mason Gin. However, our holding is not that Robert Mason may be held liable as a guarantor of the note but that his pre-existing liability as a guarantor of the account indebtedness was not extinguished by the execution of the note. The motion for rehearing is accordingly denied.