## A97A1471. PUCCINI v. THOMAS & HOWARD COMPANY.
### (492 SE2d 297)

RUFFIN, Judge.

In 1992, Sunstar, Inc. ("Sunstar") applied for credit with Thomas & Howard Company ("T & H") to purchase goods on account from T & H, and Robert Puccini personally guaranteed payment on the account ("credit and guaranty agreement"). When Sunstar defaulted on payments, T & H sued Puccini as the personal guarantor under the credit and guaranty agreement. Puccini now appeals from the trial court's grant of summary judgment to T & H. For reasons which follow, we affirm.

Summary judgment is appropriate when the court, viewing all the evidence and drawing reasonable inferences in a light most favorable to the non-movant, concludes that the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). In the instant case, Puccini has stipulated that he executed the credit and guaranty agreement which contains a handwritten notation that Sunstar's account would be handled on a C.O.D. basis. Puccini and T & H further stipulated that in accordance with the credit and guaranty agreement, "the account was handled on a C.O.D. basis until [T & H] elected to modify the agreement and not ship 'C.O.D.-CHECK WITH/DELIVER' starting in August of 1995." Puccini contends that he "intended to only guaranty a COD account[,]" and that the trial court erred in failing to consider the handwritten payment terms. We disagree.

"No construction of a contract is required or even permissible when the language employed by the parties in their contract is plain, unambiguous, and capable of only one *reasonable* interpretation, and in such instances the language used must be afforded its literal meaning and plain ordinary words must be given their usual significance." (Citations and punctuation omitted; emphasis in original.) *Remler v. Coastal Bank*, 179 Ga. App. 25, 27 (345 SE2d 79) (1986). In this case, the plain language of the credit and guaranty agreement authorized T & H to change the payment terms without affecting Puccini's liability under the guaranty provisions of the agreement. Specifically, the guaranty language provided for a continuing guaranty and that Puccini authorized T & H to "change the manner or terms of payment" at any time without notice to Puccini, and that such change in payment terms "shall not in any way release [Puccini] from or reduce [his] liability on this guaranty." Accordingly, although the parties originally agreed to C.O.D. payment terms, they also agreed that T & H could change those terms without affecting Puccini's liability as guarantor. Thus, Puccini is liable as a matter of law for the amounts Sunstar owes to T & H, and the trial court did not

err in granting T & H summary judgment. See id.; *Johnson Drilling Co. v. Bank of the South*, 186 Ga. App. 162, 163 (367 SE2d 559) (1988).

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 16, 1997.

*Merrill, Stone & Parks, Charles B. Merrill, Jr.*, for appellant.
*Tammy L. Bowen*, for appellee.